IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE ANN WILKIE PELTIER; | ) |
| CHRYSTEL AURORA CORNELIUS; | ) |
| DELVIN CREE; | ) |
| CAROL ANN DAVIS; | ) |
| ANDREA LAVERDURE; | ) |
| ROBERTA MORIN LORD; | ) |
| COREENA JOY PATNAUDE; | ) |
| BARBARA ANN MARIE POITRA; | ) |
| LARRY JOSEPH MORSETTE, JR.; | ) |
| WILLIAM DALLAS WADE SUN CHILD; | ) |
| JOHN WAYNE GILBERT; | ) |
| CAROL SUE DONEY HOFELDT; | ) |
| LEONA KIENENBERGER; | ) |
| LARRY JAMES SALOIS; | ) |
| DAWN LOUISE ROATH; | ) |
| EUNICE MAE BELLANGER; | ) |
| WILFRED VERNON DENTZ; | ) |
| DOROTHY MARILYN GAY; | ) |
| FRANK STEPHEN LHOTKA; | ) |
| BERNADETTE ANNE SPAHR; | ) |
| REGINA RUTH HOWARD; | ) |
| CLAIRE MAE ROATH; | ) |
| CHARLENE BIG KNIFE; | ) |
| TWILA MARIE JEROME; | ) |
| TOBY LEE LAMERE; | ) |
| DALE ROGER PESCH; | ) |
| GLADYS J. TORKELSON; | ) |
| DEANNA M. TROTTIER WIRTZBERGER; | ) |
| GAIL EAGLEMAN; | ) |
| GAILE LYNN TORRES; | ) |
| CHANE WEYMER SALOIS; | ) |
| MARYJO ELIZABETH RUST; | ) |
| LAVONNE MARIE BROWN; | ) |
| SHANE MICHAEL BRIEN; | ) |
| TACEY LYNN FOSTER; | ) |
| RICHARD EDWARD LAWSON; | ) |
| PEGGY ANN PENA; | ) |
| DANIEL BOYD WILLIAMS; | ) |
| MIKEALINDA MARAE GRANT; | ) |
| ANNETTE MARIE CHARETTE; | ) |
| ROBERT S. DECOTEAU; | ) |
| LOLA GREATWALKER; | ) |
| ANDREW L. LAVERDURE; | ) |

TAMMY JEAN WILKIE POITRA;      )
LEE WILLIAM WILKIE;      )
KENNETH ZANE BLATT ST. MARKS;      )
JOSEPHINE OATS CORCORAN;      )
YVONNE MARIE HILL;      )
KATHLEEN ANN FRANKLIN;      )
DEBORAH LEA RONNENG;      )
AMELIA EVETTE LAFRINIERE ROY;      )
JOYCE ELAINE DEMARRE STEWART;      )
AARON VASECKA;      )
ANDREW LESLIE VASECKA;      )
DEVI COLE;      )
PETER FREDRICK DONEY;      )
DEBRA JOSEPHINE NEWGARD;      )
MARIE LOUISE NIELSEN;      )
JAMES MELVIN WEIGAND;      )
GEORGI ANN MITCHELL;      )
TAMMIE MAY SIMMONS;      )
TINA MARIE TAYLOR;      )
JEREMY JOHN LEE RINDAHL;      )
BELINDA MAY HARVILL;      )
EDWARD TIMOTHY RAMSTED;      )
and, KATHLEEN BUTCHER,      )
for and on behalf of themselves      )
and all others similarly situated,      )
      )
      Plaintiffs,      )
      )    **FED. R. CIV. P. 23(b)(3)**
      v.      )    **CLASS ACTION COMPLAINT**
      )
DAVID BERNHARDT,      )
SECRETARY OF THE INTERIOR      )
United States Department of the Interior      )
1849 C Street, N.W.      )
Washington, DC, 20240;      )
      )
STEVEN MNUCHIN,      )
SECRETARY OF THE TREASURY      )
United States Department of the Treasury      )
1500 Pennsylvania Avenue, N.W.      )
Washington, DC 20220,      )
      )
and the United States of America,      )
      )
      Defendants.      )
_____)

## INTRODUCTION AND NATURE OF THE ACTION

1.     This is an action to redress breaches of trust by Defendants David Bernhardt, Secretary of the U.S. Department of the Interior (hereinafter, "Interior Department" or "Interior"), in his official capacity, and Steven Mnuchin, Secretary of the Treasury (hereinafter, "Treasury Department" or "Treasury"), in his official capacity, with respect to Defendants' accounting and management of two Judgment Awards of the Indian Claims Commission (ICC), for claims in ICC Docket Numbers18-A, 113, 191, and 221 brought by the Pembina Band of Chippewa Indians (hereinafter "Pembina Band" or "Pembinas") seeking additional compensation for certain lands that the Pembina Band ceded to the United States.  The first Judgment Award was in 1964 (hereinafter, "1964 Award"), and the second was in 1980 (hereinafter, "1980 Award").  The 1964 Award and the 1980 Award are known commonly and collectively as the "Pembina Judgment Fund" (PJF).  Defendants are the trustee for the PJF.  Plaintiffs are the more than 38,000 individuals, as determined by Interior, to be beneficiaries of the PJF.

## The PJF Awards

2.     Congress appropriated funds to satisfy the 1964 Award under the Deficiency Appropriation Act of 1964, Pub. L. No. 88-317, 78 Stat. 204 (1964), and the PJF 1980 Award in 1980 and 1981.  *See* S. Rep. No. 97-655 (1982); *see also Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. 639, 645 n.5 (2006).

3.     From the time that Congress appropriated funds to satisfy the 1964 and 1980 Awards, Defendants held the funds in trust and in common for PJF beneficiaries until Defendants distributed the funds to the beneficiaries.  *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 644-656.

4.      In 1971 Congress provided for distribution of the 1964 Award.  Pub. L. No. 92-59, 85 Stat. 158 (1971), formerly codified at 25 U.S.C. §§ 1241-1248 (hereinafter, "1971 Distribution Act").  Distribution was apportioned among four PJF beneficiaries: 1) the White Earth Band of the Minnesota Chippewa Tribe (hereinafter, "White Earth Band"); 2) the Turtle Mountain Band of Chippewa Indians of North Dakota (hereinafter, "Turtle Mountain Band"); 3) the Chippewa Cree Indians of the Rocky Boy's Reservation, Montana (hereinafter, "Chippewa Cree Tribe"); and, 4) as a group, individuals called Non-Member Lineal Descendants (NMLDs), who were determined by Interior, pursuant to the 1971 Distribution Act and its implementing regulations, to be lineal descendants of the Pembina Band eligible to share in the distribution of the 1964 Award, but who were not members of any of the 1964 Award beneficiary tribes.  Pub. L. No. 92-59, § 2.  The 1971 Distribution Act further provided that one hundred per cent (100%) of each of the four PJF beneficiaries' shares of the 1964 Award be distributed by Interior as per capita payments to the beneficiaries' individual members determined by Interior, pursuant to the Act and its implementing regulations, to be eligible to share in the distribution of the 1964 Award.  *Id*. at §§ 4, 5.

5.      Defendants held the 1964 Award funds in trust and in common for at least 20 years until it began to distribute them.  *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 645.

6.      In 1982 Congress provided for use and distribution of the 1980 Award.  Pub. L. No. 97-403, 96 Stat. 2022 (1982) (hereinafter, "1982 Distribution Act").  Distribution was apportioned among five PJF beneficiaries: 1) the Turtle Mountain Band; 2) the Chippewa Cree Tribe; 3) the White Earth Band; 4) the Little Shell Tribe of Chippewa Indians of Montana (hereinafter, "Little Shell Tribe"); and, 5) as a group, NMLDs determined by Interior, pursuant to the 1982 Distribution Act and its implementing regulations, to be lineal descendants of the Pembina Band eligible to

share in the distribution of the 1980 Award, but who were not members of the any of the 1980 Award beneficiary tribes. Pub. L. No. 97-403, § 2. In accordance with the Indian Tribal Judgment Funds Use or Distribution Act of 1973, 25 U.S.C. §§ 1401-1408 ("Use or Distribution Act"), the 1980 Distribution Act provided that Interior distribute, in the form of per capita payments, eighty percent (80%) of the 1980 Award four beneficiary tribes' shares to each beneficiary tribe's individual members determined by Interior, pursuant to the Act and its implementing regulations, to be eligible to share in the distribution of the 1980 Award. *Id.* at §§ 3-6. In accordance with the Use or Distribution Act, the 1980 Distribution Act provided generally that principals of twenty percent (20%) of the 1980 Award four beneficiary tribes' shares remain held in trust by Defendants for each of the beneficiary tribes, and that earnings on the 20% principals be available to the beneficiary tribes for use for tribal programs approved by Interior. *Id.*[1] The 1980 Distribution Act further provided that one hundred percent (100%) of the NMLDs' group share be distributed by Interior as per capita payments to the NMLD group's individual members determined by Interior, pursuant to the Act and its implementing regulations, to be eligible to share in the distribution of the 1980 Award. *Id.* at § 7.

7.    Defendants held a portion of the 1980 Award funds in trust and in common for at least 8 years, and a portion of the 1980 Award funds in trust and in common for at least 14 years, until it began to distribute them. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 645-46.

8.    Defendants continue to hold in trust at least the 20% principal shares of the 1980 Award four beneficiary tribes under the 1982 Distribution Act.

---

[1] At the time of the 1982 Distribution Act, the Little Shell Tribe was not federally recognized, but the Act provided for the Tribe's share to vest with the Tribe upon recognition which has now occurred. *See* Pub. L. No. 97-403 § 6(2).

9.      As long as it held or continues to hold PJF funds in trust, Defendants have had or have specific statutory obligations as trustee to account for properly and invest prudently the funds on behalf of PJF beneficiaries. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 656-662.

10.      Defendants have not complied with their specific statutory fiduciary obligations to account for properly and invest prudently the PJF on behalf of PJF beneficiaries.  Defendants have failed to account for PJF funds and they have mismanaged PJF funds by failing to invest the funds, failing to invest the funds timely, underinvesting the funds, imprudently investing the funds, and otherwise mis-investing or mismanaging the funds.

**The Pending CFC Companion Case**

11.      In 1992, the Chippewa Cree Tribe, the Turtle Mountain Band, and the Little Shell Tribe filed an action in the U.S. Court of Federal Claims (Fed. Cl. filed Sept. 30, 1992) (No. 92-675 L) (hereinafter, CFC Companion Case), "on their own behalf, on behalf of their respective members, and on behalf of all [PJF] beneficiaries." seeking, *inter alia,* "money damages for the alleged mismanagement of [the PJF, including both the 1964 Award and the 1980 Award]." *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 640.  The White Earth Band was added as a plaintiff in the CFC case in 2006. *Id*. at 665-668.

12.      At the behest of the  CFC Companion Case Tribal Plaintiffs and the United States, litigation of the CFC Companion Case was stayed between January 1993 and July 2002, primarily pending the completion of a project that the Interior Department undertook regarding certain tribal trust accounts, including the PJF, and that Interior termed the "Trust Reconciliation Project" or "TRP"; the CFC Companion case Tribal Plaintiff's evaluation of the TRP results relating to the PJF; informal discovery efforts; and evaluation of possible settlement options.  Active litigation

resumed when the CFC Companion Case Tribal Plaintiffs lodged a First Amended Complaint on September 6, 2002. *See Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States*, (ECF No. 91, filed Sept. 6, 2002).

13.    In 2004, Plaintiffs filed a Second Amended Complaint in the CFC Companion Case with thirty-four (34) individuals as Named Plaintiffs, along with a Motion for Class Certification seeking, *inter alia,* an Order approving these Named Plaintiffs as Class Representatives. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* (ECF Nos. 177-179, filed Sept. 3, 2004).

14.    In 2006, the Court in the CFC Companion Case:

a.    denied the United States' motion to dismiss the action in whole or in part on statute of limitations grounds. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 662-65;

b.    granted Plaintiffs' motion for summary judgment (and denied Defendant's cross motion for partial summary judgment) on the issue of the existence of "a statutory duty the violation of which may be fairly interpreted as mandating a right of recovery in damages" under the Tucker Act, 28 U.S.C. § 1491, *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 641-662;

c.    denied Plaintiffs' motion for class certification on the sole ground that the Court was of the view that recognizing the Plaintiffs as an "Identifiable Group" under 28 U.S.C. § 1505 was a method superior to a class action under RCFC 23(b)(2) "for the fair and efficient adjudication of the controversy." *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 668-674;

d. defined the "Identifiable Group" as consisting of (i) all beneficiaries of the 1964 Award, as defined in the 1971 Distribution Act and its implementing regulations, as well as the heirs, descendants and successors-in-interest of those beneficiaries who are deceased; and, (ii) all beneficiaries of the 1980 Award, as defined in the 1982 Distribution Act and its implementing regulations, as well as the heirs, descendants and successors-in-interest of those beneficiaries who are deceased *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 668-674;

e. designated the individual Named Plaintiffs in the Second Amended Complaint, as Named Representatives for the Identifiable Group. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 674, and;

f. appointed counsel for the Plaintiffs, the Native American Rights Fund (NARF), as counsel for the Identifiable Group. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 668-674.

15.    With various modifications, additions, and substitutions sought by Plaintiffs and approved by the Court in the CFC Companion Case over the years, primarily due to death and health reasons, the Named Representatives have been Plaintiffs and have duly served in a representative capacity for the Identifiable Group in all aspects of litigation and non-litigation proceedings in the CFC Companion Case.

16.    In 2007, at the Parties' joint request, the presiding judge in the CFC Companion Case referred certain of Plaintiffs' claims to the CFC's Alternative Dispute Resolution (ADR) program for resolution without the need for further litigation in the CFC. *Chippewa Cree Tribe*, No. 92-675, ECF Nos. 298 (filed Aug. 2, 2007); 313 (filed Nov. 19, 2007); and 337 (filed July 2,

2008). By February 2009, all of Plaintiffs' claims had been referred to the ADR program. *Chippewa Cree Tribe*, No. 92-675, ECF No. 359 (filed Feb. 24, 2009).

17. After years of settlement negotiations and discussions, in 2018, the parties in the CFC Companion Case reached a comprehensive settlement agreement in principle to collectively resolve and settle all of the Plaintiffs' claims (Tribal and Individual) of the Identifiable Group in the CFC Companion Case. *See* ECF No. 505 (filed Feb. 1, 2019).

18. Counsel for the Identifiable Group in the CFC Companion Case are convinced, based on their review of the applicable laws and rules, especially those federal district court class action procedural rules governing requests by class members for exclusion from a settlement class ("opting out"), that this Court provides the best forum and likelihood for the requisite fairness and finality relating to the final resolution, through a court-approved negotiated settlement, of the Individual Plaintiffs' claims.

19. The CFC Companion Case remains pending, and the claims of the CFC Companion Case Tribal Plaintiffs will be settled in that forum pursuant to a Settlement Agreement which has been executed by the CFC Companion case Tribal Plaintiffs and the United States, and which provides that payment of the Settlement Proceeds to the CFC Companion Case Tribal Plaintiffs will be made after Final Approval by this Court of the Class Action Settlement Agreement.

**The Individual Plaintiffs in this Action**

20. The Individual Plaintiffs here are the more than 38,000 individuals determined by Interior to be beneficiaries of the 1980 Award or the 1964 Award, and the heirs, descendants, and successors-in-interest of those individual beneficiaries who are deceased. *See Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 673-74. Due to Defendants' breaches of trust, including failure to account for and mismanagement of the PJF while it held the

PJF in trust and in common for the individual beneficiaries prior to distributions to them, Plaintiffs seek declaratory relief and money damages in amounts less than $10,000 per each individual beneficiary claimant's share.

21.     This action is limited to claims regarding the PJF, and is limited to the common claims that the Individual Plaintiffs have as individual beneficiaries of the PJF, or the heirs, descendants, and successors-in-interest of those beneficiaries who are deceased.  No claims of PJF Tribal Beneficiaries are raised in this action.

22.     Individual Plaintiffs have no adequate administrative remedies and only this Court may provide Individual Plaintiffs fairly the relief to which they are entitled and redress Defendants' breaches of trust with finality.

## **PARTIES**

### **Plaintiffs**

23.     Plaintiff Leslie Ann Wilkie Peltier is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1980 Award.

24.     Plaintiff Chrystel Aurora Cornelius is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1980 Award.

25.     Plaintiff Delvin Cree is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1980 Award.

26.     Plaintiff Carol Ann Davis is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1980 Award.

27.     Plaintiff Andrea Laverdure is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1980 Award.

28.     Plaintiff Roberta Morin Lord is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1980 Award.

29.     Plaintiff Coreena Joy Patnaude is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1980 Award.

30.     Plaintiff Barbara Ann Marie Poitra is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1980 Award.

31.     Plaintiff Larry Joseph Morsette, Jr. is an enrolled member of the Chippewa Cree Tribe and is a beneficiary of the 1980 Award.

32.     Plaintiff William Dallas Wade Sun Child is an enrolled member of the Chippewa Cree Tribe and is a beneficiary of the 1980 Award.

33.     Plaintiff John Wayne Gilbert is an enrolled member of the Little Shell Tribe and is a beneficiary of the 1980 Award.

34.     Plaintiff Carol Sue Doney Hofeldt is an enrolled member of the Little Shell Tribe and is a beneficiary of the 1980 Award.

35.     Plaintiff Leona Kienenberger is an enrolled member of the Little Shell Tribe and is a beneficiary of the 1980 Award.

36.     Plaintiff Larry James Salois is an enrolled member of the Little Shell Tribe and is a beneficiary of the 1980 Award.

37.     Plaintiff Dawn Louise Roath is an enrolled member of the White Earth Band and is a beneficiary of the 1980 Award.

38.     Plaintiff Eunice Mae Bellanger is an enrolled member of the White Earth Band and is a beneficiary of the 1980 Award.

39.     Plaintiff Wilfred Vernon Dentz is an enrolled member of the White Earth Band and is a beneficiary of the 1980 Award.

40.     Plaintiff Dorothy Marilyn Gay is an enrolled member of the White Earth Band and is a beneficiary of the 1980 Award.

41.     Plaintiff Frank Stephen Lhotka is an enrolled member of the White Earth Band and is a beneficiary of the 1980 Award.

42.     Plaintiff Bernadette Anne Spahr is an enrolled member of the White Earth Band and is a beneficiary of the 1980 Award.

43.     Plaintiff Regina Ruth Howard is an heir to a deceased beneficiary of the 1980 Award who was an enrolled member of the White Earth Band.

44.     Plaintiff Claire Mae Roath is an enrolled member of the White Earth Band and is a beneficiary of the 1980 Award.

45.     Plaintiff Charlene Big Knife was determined to be a NMLD eligible to share in the 1980 Award and is a beneficiary of the PJF.

46.     Plaintiff Twila Marie Jerome was determined to be a NMLD eligible to share in the 1980 Award and is a beneficiary of the PJF.

47.     Plaintiff Toby Lee Lamere was determined to be a NMLD eligible to share in the 1980 Award and is a beneficiary of the PJF.

48.     Plaintiff Dale Roger Pesch was determined to be a NMLD eligible to share in the 1980 Award and is a beneficiary of the PJF.

49.     Plaintiff Gladys J. Torkelson was determined to be a NMLD eligible to share in the 1980 Award and is a beneficiary of the PJF.

50.     Plaintiff Deanna M. Trottier Wirtzberger was determined to be a NMLD eligible to share in the 1980 Award and is a beneficiary of the PJF.

51.     Plaintiff Gail Eagleman is an heir to a deceased beneficiary of the 1980 Award who was an enrolled member of the Little Shell Tribe.

52.     Plaintiff Gaile Lynn Torres is an heir to a deceased beneficiary of the 1980 Award who was an enrolled member of the Chippewa Cree Tribe.

53.     Plaintiff Chane Weymer Salois is an heir to a deceased beneficiary of the 1980 Award who was an enrolled member of the Little Shell Tribe.

54.     Plaintiff MaryJo Elizabeth Rust is an heir to a deceased beneficiary of the 1980 Award who was an enrolled member of the Turtle Mountain Band.

55.     Plaintiff LaVonne Marie Brown is an heir to a deceased beneficiary of the 1980 Award who was an enrolled member of the Turtle Mountain Band.

56.     Plaintiff Shane Michael Brien is an heir to a deceased beneficiary of the 1980 Award who was an enrolled member of the Little Shell Tribe.

57.     Plaintiff Tacey Lynn Foster is an heir to a deceased beneficiary of the 1980 Award who was determined to be a NMLD eligible to share in the 1980 Award.

58.     Plaintiff Richard Edward Lawson is an heir to a deceased beneficiary of the 1980 Award who was determined to be a NMLD eligible to share in the 1980 Award.

59.     Plaintiff Peggy Ann Pena is an heir to a deceased beneficiary of the 1980 Award who was determined to be a NMLD eligible to share in the 1980 Award.

60.     Plaintiff Daniel Boyd Williams is an heir to a deceased beneficiary of the 1980 Award who was determined to be a NMLD eligible to share in the 1980 Award.

61.     Plaintiff Mikealinda Marae Grant is an heir to a deceased beneficiary of the 1980 Award who was determined to be a NMLD eligible to share in the 1980 Award.

62.     Plaintiff Annette Marie Charette is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1964 Award.

63.     Plaintiff Robert S. DeCoteau is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1964 Award.

64.     Plaintiff Lola Greatwalker is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1964 Award.

65.     Plaintiff Andrew L. Laverdure is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1964 Award.

66.     Plaintiff Tammy Jean Wilkie Poitra is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1964 Award.

67.     Plaintiff Lee William Wilkie is an enrolled member of the Turtle Mountain Band and is a beneficiary of the 1964 Award.

68.     Plaintiff Kenneth Zane Blatt St. Marks is an enrolled member of the Chippewa Cree Tribe and is a beneficiary of the 1964 Award.

69.     Plaintiff Josephine Oats Corcoran is an enrolled member of the Chippewa Cree Tribe and is a beneficiary of the 1964 Award.

70.     Plaintiff Yvonne Marie Hill is an enrolled member of the Chippewa Cree Tribe and is a beneficiary of the 1964 Award.

71.     Plaintiff Kathleen Ann Franklin is an heir to a deceased beneficiary of the 1964 Award who was an enrolled member of the White Earth Band.

72.    Plaintiff Deborah Lea Ronneng is an enrolled member of the White Earth Band and is a beneficiary of the 1964 Award.

73.    Plaintiff Amelia Evette LaFriniere Roy is an enrolled member of the White Earth Band and is a beneficiary of the 1964 Award.

74.    Plaintiff Joyce Elaine Demarre Stewart is an enrolled member of the White Earth Band and is a beneficiary of the 1964 Award.

75.    Plaintiff Aaron Vasecka is an heir to a deceased beneficiary of the 1964 Award who was an enrolled member of the White Earth Band.

76.    Plaintiff Andrew Leslie Vasecka is an heir to a deceased beneficiary of the 1964 Award who was an enrolled member of the White Earth Band.

77.    Plaintiff Devi Cole is an heir to a deceased beneficiary of the 1964 Award who was determined to be an NMLD eligible to share in the 1964 Award.

78.    Plaintiff Peter Fredrick Doney was determined to be a NMLD eligible to share in the 1964 Award and is a beneficiary of the PJF.

79.    Plaintiff Debra Josephine Newgard was determined to be a NMLD eligible to share in the 1964 Award and is a beneficiary of the PJF.

80.    Plaintiff Marie Louise Nielsen was determined to be a NMLD eligible to share in the 1964 Award and is a beneficiary of the PJF.

81.    Plaintiff James Melvin Weigand was determined to be a NMLD eligible to share in the 1964 Award and is a beneficiary of the PJF.

82.    Plaintiff Georgi Ann Mitchell is an heir to a deceased beneficiary of the 1964 Award who was determined to be an NMLD eligible to share in the 1964 Award.

83.     Plaintiff Tammie May Simmons is an heir to a deceased beneficiary of the 1964 Award who was determined to be an NMLD eligible to share in the 1964 Award.

84.     Plaintiff Tina Marie Taylor is an heir to a deceased beneficiary of the 1964 Award who was determined to be an NMLD eligible to share in the 1964 Award.

85.     Plaintiff Jeremy John Lee Rindahl is an heir to a deceased beneficiary of the 1964 Award who was determined to be an NMLD eligible to share in the 1964 Award.

86.     Plaintiff Belinda May Harvill is an heir to a deceased beneficiary of the 1964 Award who was determined to be an NMLD eligible to share in the 1964 Award.

87.     Plaintiff Edward Timothy Ramsted is an heir to a deceased beneficiary of the 1964 Award who was determined to be an NMLD eligible to share in the 1964 Award.

88.     Plaintiff Kathleen Butcher is an heir to a deceased beneficiary of the 1964 Award who was determined to be an NMLD eligible to share in the 1964 Award.

**Defendants**

89.     Defendant David Bernhardt is the Secretary of the Interior, and in that capacity is charged by law with carrying out various duties and responsibilities of the United States as trustee for the PJF.

90.     Defendant Steven Mnuchin is the Secretary of the Treasury, and in that capacity is charged by law with carrying out various duties and responsibilities of the United States as trustee for the PJF.

**JURISDICTION**

91.     This Court has jurisdiction over this action under: a) 28 U.S.C. § 1331, in that it is an action arising under the Constitution and laws of the United States; and, b) 28 U.S.C. § 1346,

in that it is a non-tort action against the United States founded under the Constitution and laws of the United States for claims not exceeding $10,000 in amount per claimant.

92.    Defendants are amenable to suit in this action because: a) as to the matters complained of herein, 5 U.S.C. § 702 waives Defendants' sovereign immunity from suit; and, b) Defendants' actions are contrary to law and in excess of their authority.

## ALLEGATIONS

93.    The Pembina Band aboriginally used and occupied lands located in what are today the States of Minnesota and North Dakota.   *See Turtle Mountain Band of Chippewa Indians v. United States,* 490 F.2d 935, 938 and 950-952 (Ct. Cl. 1974).  The Pembinas shared use of some of these lands with Minnesota Chippewa Indians.  *See Red Lake, Pembina and White Earth Bands v. United States,* 164 Ct. Cl. 389 (Ct. Cl. 1964); *Red Lake & Pembina Bands v. Turtle Mountain Band of Chippewa Indians,* 355 F.2d 936, 937 (Ct. Cl. 1965).

94.    By the Treaty of October 2, 1863, 13 Stat. 667, as modified by the Treaty of October 12, 1864, 13 Stat. 689, the Red Lake Band of Minnesota Chippewa Indians and the Pembina Band ceded some of their lands to the United States.  *See Red Lake, Pembina & White Earth Bands v. United States,* 164 Ct. Cl. 389 (Ct. Cl. 1964); *Red Lake & Pembina Bands v. Turtle Mountain Band of Chippewa Indians,* 355 F.2d 936, 937 (Ct. Cl. 1965).  Some of the lands that were not ceded, including lands that today are located in the State of North Dakota, remained in aboriginal title with the Pembinas.  *See Turtle Mountain Band of Chippewa Indians v. United States*, 490 F.2d at 938.

95.    After the 1863 Treaty cession, some Pembinas moved to the White Earth Band's Reservation, located in what is today the State of Minnesota. *See Turtle Mountain Band of*

*Chippewa Indians v. United States*, 490 F.2d at 938 and 951.  They have become affiliated with the White Earth Band.  *Id.*

96.    By the Act of July 13, 1892, 27 Stat. 139, Congress appointed a Commission to negotiate with the Pembinas for a cession of their aboriginal title to some of their remaining lands not ceded by the 1863 Treaty.  *See Turtle Mountain Band of Chippewa Indians v. United States,* 490 F.2d at 938.  An Agreement was reached in October 1892.  *Id.*  Congress approved the Agreement, with amendments, under the Lieu Lands Act of April 21, 1904, 33 Stat. 189, 193; *see also Turtle Mountain Band of Chippewa Indians v. United States,* 490 F.2d at 938.  The Pembinas approved the amendments in February 1905.  *See Turtle Mountain Band of Chippewa Indians v. United States,* 490 F.2d at 938.

97.    In 1946 Congress established the ICC to hear certain historic claims by Indian tribes or groups against the federal government.  Act of August 13, 1946, 60 Stat. 1049, *codified before repeal* at 25 U.S.C. §§ 70 - 70w.

98.    The Pembinas and the Red Lake Band filed claims with the ICC for compensation or additional compensation for their lands ceded by the 1863 Treaty.  *See Red Lake, Pembina & White Earth Bands v. United States,* 164 Ct. Cl. 389 (Ct. Cl. 1964); *Turtle Mountain Band of Chippewa Indians v. United States,* 490 F.2d at 938.

99.    In 1958 and 1961 the ICC issued two decisions regarding the 1863 Treaty land claims:  *Red Lake & Pembina Bands v. United States,* 6 Indian Cl. Comm'n 247 (Indian Cl. Comm'n 1958) (Nos. 18-A, 113, and 191) and *Red Lake & Pembina Bands. v. United States,* 9 Indian Cl. Comm'n 315, 347 (Indian Cl. Comm'n 1961) (Nos. 18-A, 113, and 191).  The ICC awarded a net sum "of $2,034,889.15 to the Red Lake and Pembina Bands of Indians after deducting prior payments of $635,774.87 and gratuity offsets in the amount of $699,061.57." *Red*

*Lake, Pembina & White Earth Bands v. United States,* 164 Ct. Cl. 389, 392 (Ct. Cl. 1964).  In accordance with provisions of the 1863 Treaty, the Pembinas' portion of this award (the 1964 Award), after offsets, resulted in a net amount to the Pembinas of $277,642.72.  *Id.* at 399.  The 1964 Award was affirmed.  *See Red Lake, Pembina & White Earth Bands v. United States,* 164 Ct. Cl. 389 (Ct. Cl. 1964).

100.    In 1964 Congress appropriated funds to satisfy the 1964 Award under the Deficiency Appropriation Act of June 9, 1964, Pub. L. No. 88-317, 78 Stat. 204, 213.

101.    The 1971 Distribution Act, Pub. L. No. 92-59, 85 Stat. 158 (1971), formerly codified at 25 U.S.C. §§ 1241-1248, provided for distribution of the 1964 Award.  The 1971 Distribution Act apportioned the 1964 Award among four PJF beneficiaries: 1) the White Earth Band; 2) the Turtle Mountain Band; 3) the Chippewa Cree Tribe; and, 4) as a group, the NMLDs.  Pub. L. No. 92-59, § 5.  The allocation of the 1964 Award among the four beneficiaries was to be based on the number of each beneficiary's individual members determined by Interior, pursuant to the 1971 Distribution Act and its implementing regulations, to be eligible to share in Interior's distribution of the 1964 Award.  *Id.*

102.    The 1971 Distribution Act provided that one hundred percent (100%) of each of the four beneficiaries' shares of the 1964 Award be distributed by Interior as per capita payments to the beneficiaries' individual members determined by Interior, pursuant to the Act and its implementing regulations, to be eligible to share in the distribution of the 1964 Award.  *See* Pub. L. No 92-59, §§ 4, 5.

103.    In October 1971, Interior issued final regulations under the 1971 Distribution Act governing the preparation of a roll to serve as the basis for distribution of the 1964 Award.  36 Fed. Reg. 20, 226 (Oct. 19, 1971).

104.    In March 1972, Interior extended the deadline to apply for inclusion on the roll from March 29, 1972 to June 27, 1972.  37 Fed. Reg. 6, 290 (Mar. 28, 1972).

105.    Under the 1971 Distribution Act and its implementing regulations, Interior ultimately determined that 21,268 individuals were eligible to share in distribution of the 1964 Award.

106.    Interior began distribution of the 1964 Award in October 1984.  *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 645.

107.    Until the distribution began, Defendants held the 1964 Award in a single trust account and in common for the 1964 Award's beneficiaries. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 666-667; *accord Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 73 Fed. Cl. 154, 162 (2006) ("The 1964 Award … to the Pembina Band [was] held in [an] undivided trust fund account[] up to the time of distribution").

108.    The Pembinas filed a separate ICC claim for compensation or additional compensation for their lands ceded under the 1892 Agreement.  *See Turtle Mountain Band of Chippewa Indians v. United States,* 225 Ct. Cl. 746 (Ct. Cl. 1980); *Turtle Mountain Band of Chippewa Indians v. United States,* 490 F.2d at 954.

109.    In 1978 the ICC awarded the Pembinas "$52,277,337.97 less such gratuitous offsets as defendant may be entitled" to as additional compensation for the 1892 Agreement land.  *Turtle Mountain Band of Chippewa Indians v. United States,* 43 Indian Cl. Comm'n 251 (Indian Cl. Comm'n 1978) (Nos. 113, 246, 191, and 221).  This award (the 1980 Award) was affirmed.  *Turtle Mountain Band of Chippewa Indians v. United States,* 490 F.2d at 954; *accord Turtle Mountain Band of Chippewa Indians v. United States,* 612 F.2d 517 (Ct. Cl. 1979).

110.    After adjustments for offsets and attorney fees, the Pembinas' received $47,125,469.  *See Turtle Mountain Band of Chippewa Indians v. United States,* 225 Ct. Cl. 746 (Ct. Cl. 1980); *Turtle Mountain Band of Chippewa Indians v. United States,* 650 F.2d 286 (Ct. Cl. 1980); *Turtle Mountain Band of Chippewa Indians v. United States,* 229 Ct. Cl. 872 (Ct. Cl. 1980). In December 1981 a second ICC award of $4,900,715 brought the total 1980 Award amount to approximately $52 million.  *Turtle Mountain Band of Chippewa Indians v. United States,* 230 Ct. Cl. 1062 (Ct. Cl. 1982).

111.    On March 25, 1980 and December 24, 1981, Congress appropriated funds to satisfy the 1980 Award.  *See* S. Rep. No. 97-655, 97th Cong., 2nd Sess. 7 (1982); *see also Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 645 n.5.

112.    The 1982 Distribution Act, Pub. L. No. 97-403, 96 Stat. 2022 (1982), provided for the use and distribution of the 1980 Award.  The 1982 Distribution Act apportioned the 1980 Award among five PJF beneficiaries: 1) the Turtle Mountain Band; 2) the Chippewa Cree Tribe; 3) the White Earth Band; 4) the Little Shell Tribe; and, 5) as a group, the NMLDs.  The allocation among the five beneficiaries was to be based on the number of each beneficiary's individual members determined by Interior, pursuant to the 1982 Distribution Act and its implementing regulations, to be eligible to share in Interior's distribution of the 1980 Award.  *Id.*

113.    In accordance with the Indian Tribal Judgment Funds Use or Distribution Act of 1973, 25 U.S.C. §§ 1401-1408 (Use or Distribution Act), the 1982 Distribution Act provided generally that Interior distribute, in the form of per capita payments, eighty per cent (80%) of the four tribal beneficiaries' shares of the 1980 Award to each beneficiary's individual members determined by Interior, pursuant to the Act and its implementing regulations, to be eligible to share

19

in the distribution of the 1980 Award.  Pub. L. No. 97-403, §§ 3-6, 96 Stat. 2022-2024; S. Rep. No. 97-655, 97th Cong., 2nd Sess. at 7; H.R. Rep. No. 97-937, 97th Cong., 2nd Sess. 4 (1982).

114.    In accordance with the Use or Distribution Act, the 1982 Distribution Act provided that principals of twenty per cent (20%) of the four tribal beneficiaries' shares of the 1980 Award would remain or provisionally remain held in trust by Defendants for each of the tribal beneficiaries, and earnings on the 20% principals be available to the tribal beneficiaries for tribal programs approved by Interior.  Pub. L. No. 97-403, §§ 3-6, 96 Stat. 2022-2024.

115.    The 1982 Distribution Act provided that one hundred percent (100%) of the NMLD group's share be distributed by Interior as per capita payments to the NMLD group's individual members determined by Interior, pursuant to the Act and its implementing regulations to be eligible to share in the distribution of the 1980 Award.  Pub. L. No. 97-403, § 7.

116.    Under Interior regulations issued pursuant to the 1982 Distribution Act, the deadline for members of the four tribal beneficiaries to apply to be determined eligible to share in the distribution of the 1980 Award was December 31, 1983.

117.    Under Interior regulations issued pursuant to the 1982 Distribution Act, the deadline for NMLDs to apply to be determined eligible to share in the distribution of the 1980 Award was March 10, 1986.  50 Fed. Reg. 46,427 (Nov. 8, 1985).

118.    Under the 1982 Distribution Act and its implementing regulations, Interior ultimately determined that 33,584 individuals were eligible to share in distribution of the 1980 Award.

119.    Interior began a "partial" per capita distribution of the 1980 Award in May 1988, and began a "final" per capita distribution of the 1980 Award in 1994.  *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 645-46.

120.    At least until the 1988 distribution began, Defendants held the 1980 Award in a single trust account and in common for the Award's beneficiaries. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 666-667; *accord Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 73 Fed. Cl. 154, 162 (2006) (the "1980 Award … to the Pembina Band [was] held in [an] undivided trust fund account[] up to the time of [the 1988] distribution").

121.    Since its inception, the PJF, including principal and earnings, by law and in fact has been held and controlled and continues to be held and controlled in trust by Defendants as fiduciary trustees unless and until distributions by Interior are made to PJF beneficiaries. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 646-56.

122.    Congress has designated the Secretary of the Interior as being primarily responsible for the management of Indian affairs generally.  43 U.S.C. § 1457.  The Secretary of the Interior is the primary trustee of tribal trust funds including Judgment Awards such as the PJF.  *See* 25 U.S.C. § 4011; 25 C.F.R. § 87.11.

123.    With respect to the investment and certain other fiduciary duties applicable to particular tribal trust funds, including Judgment Awards such as the PJF, Congress also has designated the Secretary of the Treasury as trustee of such funds.  *See, e.g.,* 25 U.S.C. §§ 155 and 161(a).

124.    As trustee of the PJF, Defendants are charged by law and have been continuously charged by law with fiduciary duties in accounting for, investing, managing, and otherwise acting as fiduciary for the PJF on behalf of PJF beneficiaries.  *See, e.g.,* 25 U.S.C. §§ 4011, 4044, 161, 161a, 161b and 162a.

21

125.    Defendants in fact have undertaken and continue to undertake responsibilities to account for, manage, and otherwise act as the fiduciary trustee for the PJF on behalf of its beneficiaries.

126.    Defendants never have provided to Plaintiffs a complete and accurate historical trust accounting of the PJF from which Plaintiffs can determine whether they have suffered any losses to the PJF, and if so, the extent of such losses. *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States,* 69 Fed. Cl. at 664-665.

127.    For at least the past half century and to this day, Defendants' accounting for, management of, and exercise of other fiduciary responsibilities and control regarding Indian trust funds generally have been examined and highly criticized by private entities, various government agencies, Congress, and the courts. *See, e.g.,* KPMG LLP Independent Auditors' Report on Financial Statements (Nov. 8, 2019), *reprinted in* U.S. Dep't of the Interior, Tribal And Other Trust Funds and Individual Indian Monies Trust Funds Managed by the U.S. Department of the Interior Office of the Special Trustee for American Indians (Annual Report 2019), https://www.doi.gov/sites/doi.gov/files/uploads/audit.report2019.combined.specialtrusteeforamer icanindians.pdf (independent public accounting firm performing audit on tribal trust funds gives qualified financial statement audit because it is unable "to satisfy ourselves as to the fairness of trust fund balances…."); U.S. Gen. Acct. Off., Report, *Office of Special Trustee for American Indians: Financial Statement Audit Recommendations and the Audit Follow-up Process*, GAO-07-295R, at 15 (Jan. 2007) ("a material weakness labeled as [an] unresolved financial reporting matter[] [includes the deficiency of lack of reliable tribal] trust fund balances"); Consolidated Appropriations Act, 2014, Pub. L. 113-76, 128 Stat. 5 (2014) (providing, *inter alia,* that "notwithstanding any other provision of law, the statute of limitations shall not commence to run

on any claim, including any claim in litigation  pending on the date of the enactment of this Act, concerning losses to or mismanagement of trust funds, until the affected Indian tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss"); *Cobell v. Norton,* 240 F.3d 1081 (D.C. Cir. 2001) ("It is . . . clear that the federal government has failed time and again to discharge its fiduciary duties [to Native Americans]");  Problems identified include, but are not limited to, inability to account for funds due to loss of or failure to keep records, inability to account for funds due to failure to establish and maintain proper accounting systems, undue delays in making investments, and poor investment decision-making.  Plaintiffs here have been informed and believe, and on such information and belief allege, that Defendants' widespread and well-documented Indian trust fund continuing misaccounting, mismanagement, and other breaches of trust have affected and continue to affect the PJF.

128.    Plaintiffs have been informed and believe, and on such information and belief allege, that Defendants, as trustees, have not performed a complete and accurate historical trust accounting of the PJF.

129.    Plaintiffs have been informed and believe, and on such information and belief allege, that Defendants, as trustees, have never reconciled and have not corrected the trust account balances of the PJF.

130.    Plaintiffs have been informed and believe, and on such information and belief allege, that Defendants, as trustees, have not invested, have not invested timely, have underinvested, or have otherwise improperly invested or mis-invested, and may continue to be failing to invest, failing to invest timely, underinvesting, or otherwise improperly investing or mis-

investing portions of the PJF, principal and earnings while Defendants held or hold those portions in trust.

131.    Plaintiffs have been informed and believe, and on such information and belief allege, that Defendants' breaches of trust, negligence, and other wrongdoings have caused and continue to cause monetary and other losses, harms, and consequences to PJF beneficiaries.

## RULE 23(b)(3) CLASS ACTION ALLEGATIONS

132.    This action is brought under Fed. R. Civ. P. 23(b)(3) on behalf of the following PJF individual beneficiaries:

a.    all Original Individual Beneficiaries, defined as: 1) the 21,268 individuals determined by Interior, pursuant to the 1971 Distribution Act and its implementing regulations, to be eligible to share in the distribution by Interior of the 1964 Award, regardless of whether some or all of these individuals were also determined by Interior to be eligible to share in Interior's distribution of the 1980 Award; and, 2) the 33,584 individuals determined by Interior, pursuant to the 1982 Distribution Act and its implementing regulations, to be eligible to share in the distribution by Interior of the 1980 Award, regardless of whether some or all of these individuals were also determined by Interior to be eligible to share in Interior's distribution of the 1964 Award;

b.    all Legal Representatives of Settlement Class Members, defined as persons or entities selected by the Settlement Class Members or appointed, retained, or approved under applicable federal, state, or tribal law to represent the Settlement Class Member for purposes of this Class Action;

c.    all First-Line Heirs, defined as, in the absence of applicable federal, state, or tribal law to the contrary, the living spouse, if any, of a deceased Original Individual

Beneficiary, and if there is no living spouse, the oldest living child of the deceased Original Individual Beneficiary; and,

d.  all Second-Line Heirs, defined as, in those instances in which there are no First-Line Heirs, a next closest living heir of a deceased Original Individual Beneficiary as determined in accordance with applicable federal, state, or tribal law.

133.  <u>Definiteness</u>.  The proposed class definition is not overbroad and is based on readily discernible objective criteria which do not require extensive individualized factual inquiry to determine class membership.

134.  <u>Ascertainability</u>.  The putative class members already have been identified by an administratively feasible mechanism consisting of Defendants' rolls for the 1964 Award and 1980 Award distributions, as updated and supplemented by Defendants and Plaintiffs during their CFC Companion Case ADR program settlement negotiations.

135.  <u>Numerosity</u>.  Some Original Indian Beneficiaries were determined by Interior to be eligible to share in both the 1964 and the 1980 Award, but nevertheless the class is most likely to be in excess of at least 38,000 individuals.  Based upon information and belief, many of the putative class members are located in the States of Montana, North Dakota, Minnesota, and Washington, but many others are located throughout the United States, and some are located outside of the United States.

136.  <u>Commonality</u>.  Substantial questions of law and fact common to each and every member of the class include, but are not limited to:  the law(s) governing the trust obligations of Defendants with respect to the accounting, investment, and other management of the PJF; the extent to which, if at all, Defendants have complied with such law(s); and, the relief or measures

necessary to be taken in order to remedy or correct past or continuing breaches of trust and bring the activities of Defendants into compliance with the law(s).

137.    Typicality.  The claims of the representative Plaintiffs and all other members of the class arise from the same breaches of trust and other negligent or wrongful conduct or practices of Defendants, and they are based on the same laws and legal theories.

138.    Adequacy of Representation.

a.    Named Plaintiffs.  The Named Plaintiffs set forth in this Complaint are the same individuals who currently are serving as the Named Representatives for the plaintiff Identifiable Group in the pending CFC Companion Case, *see supra*, at ¶s 11- 15.  In the CFC Companion Case, the Named Plaintiffs participated fully in the negotiations of the settlement agreement reached in principle in that action, *see supra* at ¶17.  In this action, the Named Plaintiffs will continue to fairly and adequately protect the interests of the class and individual class members.  There is no antagonism or conflict between or among the Named Plaintiffs as class representatives; nor is there antagonism or conflict among the class members.  Because all Named Plaintiffs are beneficiaries of the PJF, and due to breaches of trust by Defendants, all have never received complete and accurate accountings of the PJF, and all have experienced imprudent investment and other mismanagement of the PJF, the successful assertion of the Named Plaintiffs' claims will establish determinations of law and fact adequate to prove liability of Defendants to Plaintiffs and to each and every class member, as well as the appropriate relief that must be accorded to Plaintiffs and to each and every class member.

1.    Plaintiff Leslie Ann Wilkie Peltier is a beneficiary of the PJF.  Ms. Peltier is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Peltier was born and raised on the Turtle Mountain

Band's Reservation.  Ms. Peltier has a Master's in Education Administration degree from the University of North Dakota in Grand Forks, North Dakota.  She was a middle school teacher for five years on the Turtle Mountain Band's Reservation and she has been an instructor for thirty years at Turtle Mountain Community College.  She has been an Editor of the Turtle Mountain Band's Newspaper and served on the Turtle Mountain Band's Constitutional Revision Committee. Ms. Peltier currently serves on the Boards of Directors of both the Turtle Mountain Heritage Center and Humanities North Dakota.  Her current address is P.O. Box 1163, Belcourt, ND, 58316.  She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

        2.      Plaintiff Chrystel Aurora Cornelius is a beneficiary of the PJF.  Ms. Cornelius is an enrolled member of the Oneida Indian Nation of Wisconsin, and formerly was an enrolled member of the Turtle Mountain Band.  She received a per capita payment from the distribution of the 1980 Award.  Ms. Cornelius was raised in part on the Turtle Mountain Band's Reservation.  She has a General Education Development diploma from the State of North Dakota. She has an Associate of Arts degree from Turtle Mountain Community College, and a Bachelor of Science in Business Management degree from the University of Mary in Bismarck, North Dakota.  She has been pursuing a Master's in Business Administration degree.  Ms. Cornelius presently is employed as Executive Director of the First Nations Oweesta Corporation in Longmont, Colorado.  Prior to this she was employed as the Executive Director of the Turtle Mountain Community Development Financial Institution, and as a Planner for the Turtle Mountain Band. Ms. Cornelius has received numerous higher education academic awards and scholarships, and she has been very active and involved in several national higher education advocacy

organizations for Native Americans. For over a decade, she was an active member of the Turtle Mountain Chippewa Labor Day Pow Wow Committee.  Ms. Cornelius' current address is 10511 Parfet Court, Westminster, CO, 80021.  She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

3.     Plaintiff Delvin Cree is a beneficiary of the PJF.  Mr. Cree is an enrolled member of the Turtle Mountain Band of Chippewa Indians, and he received a per capita payment from the distribution of the 1980 Award.  Mr. Cree was born and raised on the Turtle Mountain Band's Reservation.  He has a General Educational Development diploma from the State of North Dakota, and a Certificate in Carpentry from Cankdeska Cikana Community College on the Spirit Lake Reservation in North Dakota.  Mr. Cree is now retired but prior to his retirement, his employment history included construction and journalism.  He also has an extensive record of public and community service in various national, state, and local government commissions, task forces, and associations.  Mr. Cree's current address is 401 3rd Street N., P.O. Box 221, New Town, ND, 58763.  He is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

4.     Plaintiff Carol Ann Davis is a beneficiary of the PJF.  Ms. Davis is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1980 Award.   Ms. Davis was born and raised on the Turtle Mountain Band's Reservation.  Ms. Davis is retired but prior to her retirement she served as the Vice President of

Turtle Mountain Community College.  Ms. Davis has a Doctorate in Education degree from Walden University in Minneapolis, Minnesota, and a Master's in Education Administration degree summa cum laude from the University of North Dakota in Grand Forks, North Dakota.  She served on a North Central Association of Colleges and Schools Higher Learning Commission Working Group to help restructure post-secondary accreditation criteria.  She also served as a senior associate at the Tribal Nations Research Group, a nonprofit organization that provides high quality research relevant to the Turtle Mountain Band.  She has won many awards from tribal and state schools and organizations for her teaching and education service.  In 2018, she was honored by the Turtle Mountain Band with a Lifetime Achievement Award for her work on the Turtle Mountain Band's Reservation.  In 2019, she received a community service award for her work with the adult handicapped population on the Reservation.  Ms. Davis' current address is 4241 BIA Road #10, Belcourt, ND, 58316.  She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

       5.     Plaintiff Andrea Laverdure is a beneficiary of the PJF.  Ms. Laverdure is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Laverdure was raised on the Turtle Mountain Band's Reservation.  She has a Doctorate in Human Development degree from the College of Human Sciences (formerly, Human Development) and Education at North Dakota State University in Fargo, North Dakota, a Master's in Vocational Education degree from the University of North Dakota in Grand Forks, North Dakota, and a Master's in Counseling and Guidance degree from Northern State College in Aberdeen, South Dakota. Ms. Laverdure is retired but prior to her

retirement, she was employed as the Guidance Director at Turtle Mountain High School in Belcourt, North Dakota. She also worked as a Guidance Counselor at Turtle Mountain Community College. She has a history of extensive volunteer service in tribal elder, youth, and religious activities on the Turtle Mountain Band's Reservation, including the Suicide Protocol Outreach Program in Belcourt, North Dakota. Ms. Laverdure's current address is P.O. Box 806, 125 Turtle Creek Drive, N.E., Belcourt, ND, 58316. She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

6.    Plaintiff Roberta Morin Lord, also known as Roberta Mae Victoria Morin, is a beneficiary of the PJF. Ms. Morin is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1980 Award. Ms. Lord was born and raised on the Turtle Mountain Band's Reservation. She has a General Educational Development diploma from the State of Minnesota, a Bachelor of Science degree in Graphic Arts from Bemidji State University in Bemidji, Minnesota, and a Master's Degree in Education from the University of Minnesota in Duluth, Minnesota. Though she is retired, for fifteen years Ms. Lord was employed by the Cass Lake-Bena Schools, a public school district located on the Leech Lake Indian Reservation in Minnesota, and by the Bug' O' Nay' Ge' Shig School, which is a Bureau of Indian Education (BIE)-funded K-12 school operated by the Leech Lake Band of Ojibwe pursuant to a grant from the BIE to the Band, where she taught Art and Native Language and received numerous teaching awards. Ms. Lord also was active in many federal Indian education program parent committees and boards serving the Leech Lake Indian Reservation including Head Start and Indian Education Act Formula Grants. Ms. Lord is both a foster parent and daycare

provider licensed by the State of Minnesota. Ms. Lord's current address is 50045 317th Avenue, Cass Lake, MN, 56633. She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

       7.    Plaintiff Coreena Joy Patnaude, also known as Coreena J. Patnaude, is a beneficiary of the PJF. Ms. Patnaude is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1980 Award. Ms. Patnaude was born and raised on the Turtle Mountain Band's Reservation. Ms. Patnaude is a graduate of Turtle Mountain Community High School, and she has a Bachelor of Science in Elementary Education degree from Turtle Mountain Community College. Ms. Patnaude is currently employed as an elementary school teacher at St. Ann's Catholic Elementary School in Belcourt, North Dakota. Ms. Patnaude's volunteer service history includes working with youth groups and on health and wellness issues through her college and church. She also served as a delegate for Rolette County to the North Dakota Democratic Convention in 2004. Ms. Patnaude's current address is P.O. Box 1571, Belcourt, ND, 58316. She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

       8.    Plaintiff Barbara Ann Marie Poitra, also known as Barbara M. Poitra is a beneficiary of the PJF. Ms. Poitra is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1980 Award. Ms. Poitra has an Associate Degree from Turtle Mountain Community College. She is retired but has extensive

employment experience in tribal youth and family services administration.  She worked at the Rolla Crisis Center RES Unit in Rolla, North Dakota.  She was a Senior Companions volunteer with elder care through the Lutheran Social Services of North Dakota.  She served on several local and state Indian affairs committees and commissions dealing with at risk youth.  She has received numerous awards from tribal, state, national, and private entities for her services to children and communities in the areas of health and education.  Ms. Poitra also chaired the Turtle Mountain Band's Judicial Board for six years.  Ms. Poitra's current address is 2204 Edgewood Street, Mile City, MT, 59301.  She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

9.     Plaintiff Larry Joseph Morsette, Jr. is a beneficiary of the PJF.  Mr. Morsette is an enrolled member of the Chippewa Cree Tribe, and he received a per capita payment from the distribution of the 1980 Award.  Mr. Morsette was born and raised on the Chippewa Cree Tribe's Reservation.  He served for six years in the U. S. Army, and he is a member of the Chippewa Cree Tribe's Veterans organization.  He owned his own business for ten years, and he currently is employed as the CEO of the Chippewa Cree Construction Corporation in Box Elder, Montana.  Mr. Morsette also is active in developing tribal youth activities. Mr. Morsette's current address is 4735 Laredo Road, Box Elder, MT, 59521.  He is representative of those Plaintiffs who are enrolled members of the Chippewa Cree Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

10.     Plaintiff William Dallas Wade Sun Child is a beneficiary of the PJF. Mr. Sun Child is an enrolled member of the Chippewa Cree Tribe, and he received a per capita payment from the distribution of the 1980 Award.  Mr. Sun Child was born in Havre, Montana and raised on the Chippewa Cree Tribe's Reservation.  He has an Associate in Computer Science degree from Stone Child College.  Mr. Sun Child currently works as a Network Administrator for the Chippewa Cree Tribe.  He has an extensive history of volunteering in Little League and other organized youth sports activities.  Mr. Sun Child's current address is 407 10th Street, Havre, MT, 59501.  He is representative of those Plaintiffs who are enrolled members of the Chippewa Cree Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

11.     Plaintiff John Wayne Gilbert is a beneficiary of the PJF.  Mr. Gilbert is an enrolled member of the Little Shell Tribe, and he received a per capita payment from the distribution of the 1980 Award.  Mr. Gilbert was born and raised in Montana.  He has a High School diploma from the State of Montana, and a General Managers Certification for retail stores. He was the General Manager of an agricultural retail store, and eventually started and presided over his own business, Silver Wolf Enterprises, a U.S. Small Business Administration award-winning minority small business and joint venture government contractor / supplier of various products and services.  He is an active member of the Great Falls Area Chamber of Commerce. Mr. Gilbert has been elected three times to the Tribal Council of the Little Shell Tribe, and he has served as Chairperson of the Council. He has served on the Montana – Wyoming Tribal Leaders Council and as a member of the Montana Tribal Tourism Alliance.  Mr. Gilbert is a member of the Fraternal Order of the Eagles; the Montana Jaycees; and, the Loyal Order of Moose in Black Eagle,

Montana.  He also has been a Volunteer Fireman for the Shelby Volunteer Fire Department in Shelby, Montana.  Mr. Gilbert's current address is 9 Muffley Lane, Winston, MT 59647.  He is representative of those Plaintiffs who are enrolled members of the Little Shell Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

12.    Plaintiff Carol Sue Doney Hofeldt, also known as Carol Doney Hofeldt is a beneficiary of the PJF.  Ms. Hofeldt is an enrolled member of the Little Shell Tribe, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Hofeldt has been very active over the years in tribal affairs; in particular, she has done a great deal of volunteer work for the Little Shell Tribe's newsletter.  Ms. Hofeldt has a diploma from Chinook High School in Chinook, Montana.  Ms. Hofeldt previously was employed by Walmart in Havre, Montana.  Ms. Hofeldt's current address is P.O. Box 562, 809 Minnesota Street, Chinook, MT, 59523.  She is representative of those Plaintiffs who are enrolled members of the Little Shell Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

13.    Plaintiff Leona Kienenberger, also known as Leona Kilnenburger, Leona Doney, and Leona Cole, is a beneficiary of the PJF.  Ms. Kienenberger is an enrolled member of the Little Shell Tribe, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Kienenberger was born and raised on the Fort Belknap Indian Reservation in Montana.  She has a Bachelor of Science in Education degree from Montana State University-Northern in Havre, Montana.  For twenty-six years she taught English in the Junior / Senior High School in Harlem School District #12 located near the Fort Belknap Indian Reservation.  She recently has resumed her teaching career and is teaching English in Dodson High School in

Dodson, Montana.  In addition to teaching she has served on various school committees and teams primarily dealing with Indian education, at risk youth, and sexual harassment.  She currently volunteers as a Religious Education Instructor at her Catholic Church. She has been elected to the Tribal Council of the Little Shell Tribe, and she currently serves as Second Vice Chairperson of the Council.  She also has represented the Little Shell Tribe on the Montana Advisory Council on Indian Education.  Ms. Kienenberger's current address is P.O. Box 168, 503 4th Street East, Dodson, MT, 59524.  She is representative of those Plaintiffs who are enrolled members of the Little Shell Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

14.    Plaintiff Larry James Salois is a beneficiary of the PJF. Mr. Salois is an enrolled member of the Little Shell Tribe, and he received a per capita payment from the distribution of the 1980 Award.  Mr. Salois was born and raised in Montana.  He completed two years of college at Adams State University in Alamosa, Colorado and the University of Montana in Missoula, Montana.  Mr. Salois served in the U.S. Army for two years as a Combat Medic.  He currently is retired but for twenty-seven years he was employed by the United Parcel Service as a Package Car Driver in Cut Bank, Montana, where he received twenty-four annual Safe Driving Awards.  Mr. Salois twice has been elected to the Tribal Council of the Little Shell Tribe, and he has served as Second Vice Chairperson of the Council.  He is involved in the Montana Wilderness Association; he has worked with community groups for low income individuals; and, he has helped with local chapters of the American Cancer Society.  Mr. Salois' familiarity with tribal culture and heritage has led to his working as a consultant with the Montana Legislature, the Little Shell Tribe, and the Blackfeet Tribal Elders Council on protection of Native American sacred places.  Mr.

Salois also is the Treasurer of the Glacier County Democratic Central Committee, is involved in the Cut Bank Trails, Inc. organization, and is on the board for the Browning branch of the Glacier County library.  Mr. Salois' current address is P.O. Box 1503, Cut Bank, MT, 59427.  He is representative of those Plaintiffs who are enrolled members of the Little Shell Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

15.    Plaintiff Dawn Louise Roath, also known as Dawn Louise Anderson, is a beneficiary of the PJF.  Ms. Anderson is an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Anderson was raised primarily in Minnesota and descends from a family that was active in the historic leadership of the Pembina Band.  Ms. Anderson is a high school graduate who for the past twenty-three years has been employed by Allianz Life Insurance Company of North America, first as an Accountant, and currently as a Treasury Analyst.  Prior to this, she worked for fifteen years as a teller and customer service representative for Twin City Federal Bank.  In connection with her employment, Ms. Anderson has achieved several professional designations including Fellow, Life Management Institute Associate, and Customer Service.  She also is very involved with charitable organizations including the American Cancer Society Juvenile Diabetes Research Foundation.  Ms. Anderson's current address is 1610 121st Circle, N.W., Coon Rapids, MN, 55448.  She is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

16.    Plaintiff Eunice Mae Bellanger is a beneficiary of the PJF.  Ms. Bellanger is an enrolled member of the White Earth Band, and she received a per capita payment

from the distribution of the 1980 Award.  Ms. Bellanger was born on the White Earth Band's Reservation.  She has a Practical Nursing Diploma from Minnesota State Community and Technical College in Detroit Lakes, Minnesota.  She is retired but for over thirty years she was employed as a Cook by the Mahnomen Public School District, and she was a Limited Practice Nurse for the Mahnomen Health Center.  For several years she was involved with the Mahnomen Public School District's federal Johnson O'Malley Indian education program.  She remains active with her church, particularly the church's Family Aid-Catholic Education organization.  Ms. Bellanger also regularly volunteers at the North Country Food Bank in Crookston, Minnesota, and she is an election judge for Mahnomen County, Minnesota.  Her current address is 120 W. Roosevelt Avenue, Mahnomen, MN, 56557.  She is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

17.    Plaintiff Wilfred Vernon Dentz is a beneficiary of the PJF.  Mr. Dentz is an enrolled member of the White Earth Band, and he received a per capita payment from the distribution of the 1980 Award.  Mr. Dentz was born and raised on the White Earth Band's Reservation.  He served in the U.S. Army during World War II.  For many years he was a self-employed machinist.  In his retirement, he has volunteered with his church, the Veterans of Foreign Wars of the United States organization, and local senior citizens' groups.  Mr. Dentz's current address is 2830 135th Lane N.W., Andover, MN 55304.  He is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

18.     Plaintiff Dorothy Marilyn Gay, also known as Dorothy M. Gay, is a beneficiary of the PJF.  Ms. Gay is an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Gay was born and raised in Minneapolis, Minnesota.  She has a General Education Development diploma from North High School in Minneapolis, Minnesota.  For many years, she has worked in various roles in the hotel industry.  Also over the years, Ms. Gay has been a volunteer teacher of tribal arts and crafts in several schools and community organizations, and she has served as a leader for organized youth activity groups.  Ms. Gay's current address is 1500 389th Avenue, N.W., Stanchfield, MN, 55080.  She is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

19.     Frank Stephen Lhotka, also known as Frank S. Lhotka, is a beneficiary of the PJF.  Mr. Lhotka is an enrolled member of the White Earth Band, and he received a per capita payment from the distribution of the 1980 Award.  Mr. Lhotka was raised primarily on the White Earth Band's Reservation.  Mr. Lhotka served in the U.S. Army where he obtained his General Educational Development diploma, and he received the Silver Star Medal for his service.  In his adult life he has been self-employed, principally as a commercial fisherman and logger.  He has fished, logged, riced, and leeched on the White Earth Band's Reservation, on other Indian Reservations, and in the State of Minnesota.  Mr. Lhotka's current address is P.O. Box 234, Waubun, MN, 56589.  He is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared in or were eligible to share in the per capita payments distribution by Defendants of the PJF 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

20.    Plaintiff Bernadette Anne Spahr is a beneficiary of the PJF. Ms. Spahr is an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Spahr was born in Minneapolis, Minnesota and raised on the White Earth Band's Reservation.   She has a diploma from Mahnomen High School in Mahnomen, Minnesota, and she took classes at San Jose City College in San Jose, California for a Business Degree.  Ms. Spahr was employed for three years as an Accountant at the software company Virtual Instruments and for over five years as an Accountant at the insurance company eHealth.   She also worked at the consulting company Interwoven.  She has actively volunteered with her church and her children's schools.  Ms. Spahr's current address is 2840 Jefferson Boulevard, West Sacramento, CA, 95691, and she is in the process of moving to her deceased mother's residence located on the White Earth Band's Reservation at P.O. Box 2095, 328 County Road #1, Bejou, MN, 56516.  Ms. Spahr is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

21.    Plaintiff Regina Ruth Howard, also known as Regina Pinto, is an heir to a beneficiary of the PJF.  She is the daughter of Deboraha D. Pinto, who is deceased.  Ms. Pinto was an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Howard has a General Educational Development diploma from the State of Florida.  For ten years she was employed by The Home Depot where she attained supervisory level status in appliances, was a Store Diversity Captain for employee hiring purposes, and conducted women's and children's home improvement workshops.  Ms. Howard has a certificate in Massage Therapy from Sunstate Academy of Cosmetology and

Massage in Clearwater, Florida, and is a Massage Therapist licensed by the States of Florida and South Carolina. For the past seven years she has worked as a massage therapist, including being employed for the past two years at Changes Day & Medical Spa in Aiken, South Carolina. Ms. Howard's current address is 4107 Stone Path Drive, Graniteville, SC, 29829. She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

22.    Plaintiff Claire Mae Roath, also known as Clara M. Roath and Clara M. Eickstadt, is a beneficiary of the PJF. Ms. Roath is an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1980 Award. Ms. Roath was born and raised on the White Earth Band's Reservation. She is a member of a family whose ancestors were very active leaders among the Pembina Band during the time of the historic relocation of a group of Pembinas to the White Earth Band's Reservation. Ms. Roath is a high school graduate who for years was employed by the City of Anoka, Minnesota as an Accountant and Bookkeeper. Her educational history includes numerous post-secondary school level accounting and business training courses and certificate programs. She now is retired, and devotes her time to her family. Ms. Roath's current address is 10545 50th Court N.E., Albertville, MN, 55301. She is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

23.    Plaintiff Charlene Big Knife is a beneficiary of the PJF. Ms. Big Knife was determined by Interior to be an NMLD eligible to share in the 1980 Award, and she

received a per capita payment from the distribution of the 1980 Award.  Ms. Big Knife was born

and raised on the Chippewa Cree Tribe's Reservation, and she now is an enrolled member of the

Tribe.  She has an Associate of Science Business degree from Stone Child College.  She currently

is the Accounting Manager for the Chippewa Cree Tribe.  She long has been involved in

community services on behalf of tribal youth.  Ms. Big Knife's current address is 208 Rockmoss

Road, Box Elder, MT, 59521.  She is representative of those Plaintiffs who are NMLDs who shared

or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award,

or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

24.     Plaintiff Twila Marie Jerome, also known as Twila M. Jerome is a

beneficiary of the PJF.  Ms. Jerome was determined by Interior to be an NMLD eligible to share

in the 1980 Award, and she received a per capita payment from the distribution of the 1980 Award.

Ms. Jerome has an Associate in Applied Sciences degree from Bismarck State College in

Bismarck, North Dakota, and a Bachelor in Business Administration degree from the University

of Mary in Bismarck, North Dakota.  She currently is pursuing a Master's of Business

Administration degree with an emphasis in Accounting from Southeastern Oklahoma State

University.  For over thirteen years she has been employed as the Grants Clearinghouse Director

for the Turtle Mountain Band.  She has been a licensed foster parent for troubled youth, and was

active in local public school fundraising activities.  Ms. Jerome's current address is P.O. Box 1207,

Belcourt, ND, 58316.  She is representative of those Plaintiffs who are NMLDs who shared or

were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or

the heirs, descendants, or successors-in-interest of those individuals who are deceased.

25.     Plaintiff Toby Lee Lamere is a beneficiary of the PJF.  Mr. Lamere

was determined by Interior to be an NMLD eligible to share in the 1980 Award, and he received a

per capita payment from the distribution of the 1980 Award.  Mr. Lamere was born and raised in Great Falls, Montana.  His employment history includes ranch work, construction, and wildfire fighting.  Mr. Lamere has attained Type 1 Firefighter status, and he has served as a Crew Boss and trainer.  Mr. Lamere was a member of the historic Bureau of Indian Affairs Branch of Forestry Montana Indian Firefighters program, through which he received most of his training.  He also has been employed as a firefighter by the U.S. Forest Service, where he also has received training.  Mr. Lamere's current address is P.O. Box 2813, Great Falls, MT, 59401.  Mr. Lamere is representative of those Plaintiffs who are NMLDs who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

26.    Plaintiff Dale Roger Pesch is a beneficiary of the PJF.  He was determined by Interior to be an NMLD eligible to share in the 1980 Award, and he received a per capita payment from the distribution of the 1980 Award.  Mr. Pesch has a High School diploma from the State of Minnesota.  He worked for 36 years with the Northern States Power Company as a Master Technician in gas department. He currently works as a courier for Altru Hospital in Grand Forks, North Dakota. Mr. Pesch's current address is 1912 14th Avenue, N.W., East Grand Forks, MN, 56721.  Mr. Pesch is representative of those Plaintiffs who are NMLDs who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

27.    Plaintiff Gladys J. Torkelson is a beneficiary of the PJF.  Ms. Torkelson was determined by Interior to be an NMLD eligible to share in the 1980 Award, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Torkleson has a General Education Development diploma.  She is retired but prior to her retirement she was

employed with the Boeing Company for over twenty years. Ms. Torkleson's current address is 311 Greenwater Drive, Toledo, WA, 98591. She is representative of those Plaintiffs who are NMLDs who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

28. Plaintiff Deanna M. Trottier Wirtzberger, also known as Deanna Marilyn Trottier Wirtzberger, is a beneficiary of the PJF. Ms. Wirtzberger was determined by Interior to be an NMLD eligible to share in the 1980 Award, and she received a per capita payment from the distribution of the 1980 Award. Ms. Wirtzberger has a High School diploma from the State of Montana. She also has a Certificate for Alcohol and Drug Abuse Treatment Training from the University of Utah. She is retired but prior to her retirement she was employed as a Drug and Alcohol Abuse Counselor. She also served for over twenty-five years as Secretary of the Montana Association of Alcohol and Drug Abuse Counselors. Ms. Wirtzberger long has been involved in local community affairs, including the local Veterans of Foreign Wars Auxiliary. Ms. Wirtzberger's current address is 3310 7th Avenue North, Great Falls, MT, 59401. She is representative of those Plaintiffs who are NMLDs who shared or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

29. Plaintiff Gail Eagleman, also known as Gail Eagleman Mitchell, is an heir to a deceased beneficiary of the PJF. Ms. Eagleman is the daughter of Rita Eagleman, who is deceased. Rita Eagleman was an enrolled member of the Little Shell Tribe and she received a per capita payment from the distribution of the 1980 Award. Gail Eagleman is an enrolled member of the Chippewa Cree Tribe. Ms. Eagleman was born in Havre, Montana and raised on the

43

Chippewa Cree Tribe's Reservation.  She has a General Education Development diploma and a Certificate in Office Technology from Stone Child College.  She has worked at the Chippewa Cree Tribe's Healthcare Facility and the Northern Winz Casino, which is owned and operated by the Chippewa Cree Tribe.  She also has been employed as a Custodian at Rocky Boy Elementary School, which is a public school of the State of Montana located on the Chippewa Cree Tribe's Reservation.  She currently is employed as a housekeeper for the Chippewa Cree Tribe's Health Board.  Ms. Eagleman's current address is 1804 Haystack Road, Box Elder, MT, 59521.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased Little Shell Tribe members who shared in or were eligible to share in the per capita payments distribution by Defendants of the 1980 award.

30.    Plaintiff Gaile Lynn Torres is an heir to a deceased beneficiary of the PJF.  Ms. Torres is the daughter of Rosemary M. LaFromboise, who is deceased.  Rosemary M. LaFromboise was an enrolled member of the Chippewa Cree Tribe, she received a per capita payment from the distribution of the 1980 Award.  Ms. Torres is an enrolled member of the Chippewa Cree Tribe.  Ms. Torres was born and raised on the Fort Belknap Indian Reservation in Montana.  She has a High School diploma from the State of Montana.  For thirty years she was employed with the U.S. Indian Health Service as a Certified Medical Records Coder.  Since 2010 she has been employed as a Registrar at Stone Child College.  Ms. Torres' current address is 26 Churchill Road, Box Elder, MT, 59521.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased Chippewa Cree Tribe members who shared in or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

31.    Plaintiff Chane Weymer Salois is an heir to a deceased beneficiary of the PJF.  Mr. Salois is the son of Daniel Salois, who is deceased.  Daniel Salois was an enrolled

member of the Little Shell Tribe, and he received a per capita payment from the distribution of the 1980 Award. Mr. Salois is an enrolled member of the Little Shell Tribe. He was born and raised in the State of Montana. He served two years in the U.S. Marine Corp Reserve. He has a Bachelor in Mathematics degree from the College of Letters and Science at Montana State University, and a Bachelor in Civil Engineering degree from Montana State University's College of Engineering. Mr. Salois is retired but for many years he was employed as a Civil Engineer by the U.S. Geological Survey, the U.S. Forest Service, the Bureau of Indian Affairs Indian Reservation Roads Program, and the Yakima Nation. Mr. Salois has served on the Tribal Council of the Little Shell Tribe as an appointed and elected Council Member, and he has served as Secretary-Treasurer of the Little Shell Tribe. Mr. Salois remains active as a volunteer in a local County Sheriff's Block Watch Program where he is a Captain. Mr. Salois' current address is 1330 Knight Hill Road, Zillah, WA, 98953. He is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased Little Shell Tribe members who shared in or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

32.    Plaintiff MaryJo Elizabeth Rust, also known as MaryJo Elizabeth Swanick, is an heir to a deceased beneficiary of the PJF. Ms. Rust is the daughter of Margaret Ann Swanick, who is deceased. Margaret Ann Swanick was an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1980 Award. MaryJo Elizabeth Rust was born and raised in North Dakota. She has a High School diploma from the State of North Dakota, and a Certificate from the St. Luke's Health Systems School of Radiologic Technology. She is retired but she was employed for thirty-four years as a Registered Radiologic Technologist at Sanford Health in Fargo, North Dakota. Ms. Swanick's current address is 924 Lake Forest Circle, Detroit Lakes, MN, 56501. She is representative of those Plaintiffs who

are the heirs, descendants, or successors-in-interest of deceased Turtle Mountain Band members who shared in or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

33.    Plaintiff LaVonne Marie Brown, also known as LaVonne Marie Jensrud, is an heir to a deceased beneficiary of the PJF.  Ms. Brown is the surviving spouse of Gene L. Brown, who is deceased.  Gene L. Brown was an enrolled member of the Turtle Mountain Band, and he received a per capita payment from the distribution of the 1980 Award.  LaVonne Marie Brown was born and raised in Minnesota.  She has a High School diploma from the State of Minnesota.  For thirty-five years, Ms. Brown has been employed as an Activity Director in the nursing home and assisted living industry.  Ms. Brown's current address is 3697 Crimson Loop South, Fargo, ND, 58104.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased Turtle Mountain Band members who shared in or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

34.    Plaintiff Shane Michael Brien is an heir to a deceased beneficiary of the PJF.  Ms. Brien is the son of Annalee L. Brien, who is deceased.  Annalee L. Brien was determined by Interior to be an NMLD eligible to share in the 1980 Award, and she received a per capita payment from the distribution of the 1980 Award.  Mr. Brien was born and raised in Great Falls, Montana.  He completed school in Montana through the eleventh grade.  His employment history includes carpentry and wildfire fighting.  As a firefighter, he has worked for the U.S. Forest Service and the Montana Indian Firefighters program.  Mr. Brien currently is employed as a Lead Foreman at Shadow Mountain Construction Company in Great Falls, Montana.  Mr. Brien's current address is 418 4th Street North, Great Falls, MT, 59401.  He is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared

in or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

35.    Plaintiff Tacey Lynn Foster is an heir to a deceased beneficiary of the PJF.  Ms. Foster is the daughter of Mark Foster, who is deceased.  Mark Foster was determined by Interior to be an NMLD eligible to share in the 1980 Award, and he received a per capita payment from the distribution of the 1980 Award.  Ms. Foster was born in Havre and raised in Great Falls, Montana.  She has an Associate in General Studies degree from the University of Montana, and she is a credentialed Child Development Associate.  Ms. Foster currently is employed as a Supervisor at EduCare Preschool and Child Care in Great Falls, Montana, and she also serves on the EduCare Advisory Board.  Ms. Foster's current address is 5400 Eighth Avenue South, #101, Great Falls, MT, 59405.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

36.    Plaintiff Richard Edward Lawson is the heir to a deceased beneficiary of the PJF.  Mr. Lawson is the son of Carla A. Hunt, who is deceased.  Carla A. Hunt was determined by Interior to be an NMLD eligible to share in the 1980 Award, and she received a per capita payment from the distribution of the 1980 Award.   Mr. Lawson was born and raised in Great Falls, Montana.  He has a General Education Development diploma from the State of Montana.  Mr. Lawson served in the U.S. Army and the U.S. Air National Guard.  He attended the Montana Law Enforcement Academy in Helena, Montana.  He served for twenty-one years as a Deputy Sheriff for Cascade County in Montana.  At present he is employed as a Service Technician for Industrial Fumigant Co., LLC in Great Falls, Montana.  Mr. Lawson's current address is 34 Treasure State Drive, Great Falls, MT, 59404.  He is representative of those Plaintiffs who are the

47

heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

37.    Plaintiff Peggy Ann Margaret Ann Pena, also known as Margaret Ann Pena, and Margaret Ann Nielsen, is an heir to a deceased beneficiary of the PJF. Ms. Pena is the daughter of Robert B. Nielsen, who is deceased. Robert B. Nielsen was determined by Interior to be an NMLD eligible to share in the 1980 Award, and he received a per capita payment from the distribution of the 1980 Award. Ms. Pena was born and raised in Montana. Ms. Pena has a High School diploma from the State of Montana. For over forty years she has been employed at the Glendive Medical Center in Glendive, Montana, where she currently is a Medical Staff Services Assistant. Ms. Pena's current address is 140 River Road Loop, Glendive, MT, 59330. She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendants of the 1980 Award.

38.    Plaintiff Daniel Boyd Williams is an heir to a deceased beneficiary of the PJF. Mr. Williams is the son of Margaret Williams, who is deceased. Margaret Williams was determined by Interior to be an NMLD eligible to share in the 1980 Award, and she received a per capita payment from the distribution of the 1980 Award. Mr. Williams is an enrolled member of the Little Shell Tribe. He was born and raised in Montana. He has a High School diploma from the State of Montana. His employment history includes cattle ranching, mining, and residential construction. He is retired but he offers teachings in tribal culture, especially sweet grass braiding, at the Reservations in Montana of the Chippewa Cree Tribe and the Fort Belknap Indian Community. He also is involved in the Catholic Church and in suicide and alcohol addiction prevention efforts. Mr. Williams' current address is 371 Williams Road, Dodson, MT, 59524. He

is representative of the heirs, descendants, or successors-in-interest of those Plaintiffs who are deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendant of the 1980 Award.

39.    Plaintiff Mikealinda Marae Grant, also known as Mikealinda Marae Sorrell, is the heir to a deceased beneficiary of the PJF.  Ms. Grant is the daughter of Lorna Grant, who is deceased.  Lorna Grant was determined by Interior to be an NMLD eligible to share in the 1980 Award, and she received a per capita payment from the distribution of the 1980 Award.  Ms. Grant was born and raised on the Fort Belknap Indian Reservation, and she is an enrolled member of the Gros Ventre and Assiniboine Tribes of the Fort Belknap Indian Community.  She has a High School diploma from the State of Montana, and Certificates in Computer Technology and Health Sciences from Aaniiih Nakoda College, which is operated by the Fort Belknap Indian Community.  Ms. Grant presently is employed with the U.S. Indian Health Service as an Information Technologist Site Manager.  She volunteers to teach life skills to youth at Hays Lodgepole High School, which is a public school of the State of Montana located on the Fort Belknap Indian Reservation, and she also volunteers to assist elders in her community.  Ms. Grant's current address is 969 White Cow Drive, Hays, MT, 59527.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendant of the 1980 Award.

40.    Plaintiff Annette Marie Charette, also known as Annette Marie Keplin and Annette Marie Keplin Charette, is a beneficiary of the PJF.  Ms. Charette is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1964 Award.  Ms. Charette was born and raised on the Turtle Mountain Band's Reservation. She has a Bachelor of Science in Business Management degree from American Intercontinental

University – Hoffman Estates in Schaumberg, Illinois.  For over thirty years she was employed at Turtle Mountain Community College, beginning as an Administrative Assistant and working her way up to a Student Support Counselor.  She currently is an Office Manager at the 5th Generation Healing Center, a substance abuse treatment service center in Belcourt, North Dakota.  Ms. Charette has an extensive history of active organizational and community service at the local, state, and regional levels, including with the Catholic Daughters of the Americas; Mothers Against Drunk Driving; and, ASPIRE (an access to and opportunity for education organization for low-income and first-time higher education students).  Ms. Charette also volunteers her time to and fundraises for the annual Turtle Mountain Chippewa Pembina Labor Day Pow Wow.  Ms. Charette's current address is P.O. Box 1218, Belcourt, ND, 58316.  She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

41.     Plaintiff Robert S. DeCoteau is a beneficiary of the PJF.  Mr. DeCoteau is an enrolled member of the Turtle Mountain Band, and he received a per capita payment from the distribution of the 1964 Award.  Mr. DeCoteau was born in Poplar, Montana, and raised on the Turtle Mountain Band's Reservation.  He is retired but he was an ironworker and a welder for over forty years.  Mr. DeCoteau volunteers at and serves on the Advisory Board for K.E.Y.A., a public radio station located on the Turtle Mountain Band's Reservation.  His current address is P.O. Box 806, Belcourt, ND, 58316.  He is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

42.     Plaintiff Lola Greatwalker, also known as "Lola Inez Chavez;" "Lola Ines Chavez;" "Lola Inez Grant," and, "Lola Ines Grant," is a beneficiary of the PJF.  Ms. Greatwalker is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1964 Award.  Ms. Greatwalker was raised on the Turtle Mountain Band's Reservation.  She has a High School diploma from the State of North Dakota, and an Associate of Arts degree from Turtle Mountain Community College.  Ms. Greatwalker has participated and continues to participate in a variety of community service activities related to tribal culture, arts, and elders.  Her current address is P.O. Box 1586, Belcourt, ND, 58316.  She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

43.     Plaintiff Andrew L. Laverdure is a beneficiary of the PJF.  Mr. Laverdure is an enrolled member of the Turtle Mountain Band, and he received a per capita payment from the distribution of the 1964 Award.  Mr. Laverdure was raised on the Turtle Mountain Band's Reservation.  He has a Bachelor in Fine Arts degree and a Bachelor in American Indian Studies degree from the University of North Dakota in Grand Forks, North Dakota.  He has extensive employment experience in management and administration, finance and accounting, contracts, education, and tribal culture.  He currently is employed as an Associate Judge for the Turtle Mountain Tribal Court in Belcourt, North Dakota.  His current address is P.O. Box 1964, Belcourt, ND 58316.  He is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

44.    Plaintiff Tammy Jean Wilkie Poitra, also known as Tammy Jean Poitra and Tammie Jean Poitra, is a beneficiary of the PJF.  Ms. Poitra is an enrolled member of the Turtle Mountain Band, and she received a per capita payment from the distribution of the 1964 Award.  Ms. Poitra was born in Cavalier, North Dakota and raised on the Turtle Mountain Band's Reservation.  Ms. Poitra has an Associate in Applied Science in Office Administration degree from Turtle Mountain Community College, and has completed the course work for an Associate of Applied Science in Practical Nursing degree at United Tribes Technical College in Bismarck, North Dakota.  Ms. Poitra currently is working towards obtaining an Associate of Arts degree from Turtle Mountain Community College.  For many years she was employed at Uniband Enterprises, the information technology data management service company owned and operated by the Turtle Mountain Band.  She also served as the manager of a privately owned print shop on the Turtle Mountain Band's Reservation.  Currently, she is employed as a Parent Educator with the federally-funded Family and Child Education (FACE) literacy program at Dunseith Day School in Bottineau, North Dakota.  Ms.  Poitra's current address is 3347 BIA Road #8, Dunseith, ND, 58329.  She is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

45.    Plaintiff Lee William Wilkie is a beneficiary of the PJF.  Mr. Wilkie is an enrolled member of the Turtle Mountain Band, and he received a per capita payment from the distribution of the 1964 Award.  Mr. Wilkie has an Associate in Building Trades degree from Turtle Mountain Community College.  For twenty-seven years he has been employed as a Security Supervisor at the Turtle Mountain Band's Sky Dancer Casino.  He also volunteers his time within

his local tribal community at prayer meetings and ceremonies, and helps educate Native children about Native culture.  Mr. Wilkie's current address is P.O. Box 1604, Belcourt, ND, 58316.  He is representative of those Plaintiffs who are enrolled members of the Turtle Mountain Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

46.     Plaintiff Kenneth Zane Blatt St. Marks, also known as Kenneth Zane Blatt, is a beneficiary of the PJF.  Mr. St. Marks is an enrolled member of the Chippewa Cree Tribe, and he received a per capita payment from the distribution of the 1964 Award.  Mr. St. Marks was born and raised on the Chippewa Cree Tribe's Reservation.  He has an Associate in Diesel Technology degree from Montana State University-Northern in Havre, Montana.  Mr. St. Marks is retired but he served in the U.S. Army, and he owned and operated his own Excavating Contractor business.  He has been elected to and served on the Chippewa Cree Tribe's Business Committee, the governing entity of the Tribe.  He also has served on the Tribal Health Board and the Board of Stone Child College.  Mr. St. Marks' current address is P.O. Box 2666, Havre, MT, 59501.  He is representative of those Plaintiffs who are enrolled members of the Chippewa Cree Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

47.     Plaintiff Josephine Oats Corcoran is a beneficiary of the PJF.  Ms. Corcoran is an enrolled member of the Chippewa Cree Tribe, and she received a per capita payment from the distribution of the 1964 Award.  Ms. Corcoran was born and raised on the Chippewa Cree Tribe's Reservation.  She has a Bachelor of Science in Education degree and a Master's of Education degree from Montana State University-Northern in Havre, Montana. Ms.

Corcoran is retired but for twenty years she was employed as the Principal at Rocky Boy Elementary School in Box Elder, Montana.  She also has been involved in her local Catholic Church.  Ms. Corcoran's current address is 171 Wildflower Road, Box Elder, MT, 59521.  She is representative of those Plaintiffs who are enrolled members of the Chippewa Cree Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

48.     Plaintiff Yvonne Marie Hill, also known as Yvonne Marie Rosette Hill, is a beneficiary of the PJF.  Ms. Hill is an enrolled member of the Chippewa Cree Tribe, and she received a per capita payment from the distribution of the 1964 Award.  Ms. Hill was born near and raised on the Chippewa Cree Tribe's Reservation.  She has a Bachelor of Science in Nursing degree from Montana State University-Northern in Havre, Montana. For the past three years Ms. Hill has been employed at Liberty Mutual Insurance as Nurse Case Manager, which is based in Missoula, Montana.  She currently is working remotely from her home.  She has been involved extensively in tribal community health services in connection with her employment and on a volunteer basis.  She is a member of the American Diabetes Association and the Association of Diabetes Educators.  Ms. Hill's current address is 7724 N Howard Street, Spokane, WA, 99208. She is representative of those Plaintiffs who are enrolled members of the Chippewa Cree Tribe who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

49.     Plaintiff Kathleen Ann Franklin, also known as Kathleen Ann O'Leary, is an heir to a deceased beneficiary of the PJF.  She is the granddaughter of Frances Marie Vosecka, also known as Frances Vasecka, who is deceased.  Ms. Vosecka was an enrolled

member of the White Earth Band, and she received a per capita payment from the distribution of the 1964 Award. Ms. Franklin has a diploma from Waubun-Ogema High School in Waubun, Minnesota. She currently is employed with Walmart. Ms. Franklin's current address is 2401 14th Street, Cloquet, Minnesota, 55720. She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased White Earth Band members who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award.

50.     Plaintiff Deborah Lea Ronneng is a beneficiary of the PJF. Ms. Ronneng is an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1964 Award. Ms. Ronneng has a High School diploma from the State of Minnesota. She is retired but before her retirement she was self-employed primarily in housekeeping and maintenance, and she was very active in tribal cultural events. Ms. Ronneng's current address is 7133 159th Lane, N.W., Ramsey, MN, 55303. She is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors in-interest of those individuals who are deceased.

51.     Plaintiff Amelia Evette LaFriniere Roy, also known as Amelia E. LaFriniere Roy and Amelia E. Roy, is a beneficiary of the PJF. Ms. Roy is an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1964 Award. Ms. Roy has a High School diploma from the State of Minnesota. For thirty-three years she was an Office Manager with Kmart Corporation in Bemidji, Minnesota. Currently she is employed as an Assistant Cook for the White Earth Band's Elderly Nutrition Program. Ms. Roy has served as an Elected Supervisor of the LaPrairie Township Board in Clearwater County, Minnesota. She remains active in her local Catholic Church, a state-wide tribal elders' health

program called Wisdom Steps, and, the National Indian Council on Aging. Ms. Roy's present address is 11866 State Highway 200, Mahnomen, MN, 56557. She is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

52.    Plaintiff Joyce Elaine Demarre Stewart, also known as Joyce E. Stewart, is a beneficiary of the PJF. Ms. Steward is an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1964 Award. Ms. Stewart was born in St. Paul, Minnesota and for many years has lived in the State of Wisconsin. She is retired, but before her retirement, she was employed as a commercial housekeeper. Ms. Stewart also has been a child care provider licensed by the State of Wisconsin, and she has performed Election Service for the County of Polk, Wisconsin. Ms. Stewart's current address is 152 Oak Street, Amery, WI, 54001. She is representative of those Plaintiffs who are enrolled members of the White Earth Band who shared or were eligible to share in the per capita payments distribution by Defendant of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

53.    Plaintiff Aaron Vasecka is an heir to a deceased beneficiary of the PJF. He is the great-grandson of Frances Marie Vosecka, also known as Frances Vasecka, who is deceased. Ms. Vosecka was an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1964 Award. Mr. Vasecka is currently employed as an Application Administrator at Forum Communications, a media and technology company in Fargo, North Dakota. Mr. Vasceka's current address is 1431 Oak Manor Avenue S., Apt. #113, Fargo, ND, 58103. He is representative of those Plaintiffs who are the heirs, descendants, or

successors-in-interest of deceased White Earth Band enrolled members who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award.

54.     Plaintiff Andrew Leslie Vasecka is an heir to a deceased beneficiary of the PJF.  He is the great-grandson of Frances Marie Vosecka, also known as Frances Vasecka, who is deceased.  Ms. Vosecka was an enrolled member of the White Earth Band, and she received a per capita payment from the distribution of the 1964 Award.  Mr. Vasecka was born in Detroit Lakes, Minnesota.  He has a diploma from Waubun-Ogema High School in Waubun, Minnesota. He currently is employed as carpenter at Lakeshirts, a wholesale apparel supplier company in Detroit Lakes, Minnesota.  Mr. Vasceka's current address is 37395 County Road 158, Ogema, MN, 56569.  He is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased White Earth Band enrolled members who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award.

55.     Plaintiff Devi Cole is an heir to a deceased beneficiary of the PJF.  Ms. Cole is the daughter of Diane Pauline Aguilar, who is deceased.  Ms. Aguilar was determined by Interior to be an NMLD eligible to share in the 1964 Award, and she received a per capita payment from the distribution of the 1964 Award.  Ms. Cole was born in Havre, Montana and raised in Missoula, Montana.  Ms. Cole has a diploma from Hellgate High School in Missoula, Montana.  Ms. Cole currently is employed as a Community Organizer with Western Native Voice, a Montana-based non-profit, non-partisan social justice organization working to inspire Native leadership through community organizing, education, leadership, and advocacy.  Ms. Cole also is an advocate for Planned Parenthood and for affordable health care for rural Native women.  Her current volunteer activities also include working with the Missoula Indian Center on census and voting matters. Ms. Cole's current address is 2513 Bean Lane, #5, Missoula, MT, 59804.  She is representative of those Plaintiffs who

are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award.

56.    Plaintiff Peter Fredrick Doney is a beneficiary of the PJF.  Mr. Doney was determined by Interior to be an NMLD eligible to share in the 1964 Award, and he received a per capita payment from the distribution of the 1964 Award.  Mr. Doney now is an enrolled member of the Little Shell Tribe.  Mr. Doney has a diploma from Loyola Sacred Heart High School in Missoula, Montana.  He served in the U.S. Army, and for many years was employed in security for private firms within the State of Montana.  He currently is employed as a delivery driver for FedEx.  Mr. Doney also volunteers with the homeless, the needy, and rehabilitated drug offenders.  Mr. Doney's current address is 3869 Flaxstem Street, East Helena, MT, 59635.  He is representative of those Plaintiffs who are NMLDs who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

57.    Plaintiff Debra Josephine Newgard, also known as Debra Josephine Aguilar Newgard, is a beneficiary of the PJF.  Ms. Newgard was determined by Interior to be an NMLD eligible to share in the 1964 Award, and she received a per capita payment from the distribution of the 1964 Award.  Ms. Newgard now is an enrolled member of the Little Shell Tribe. Ms. Newgard was born and raised in Montana. She has a diploma from Butte High School in Butte, Montana, and she has received paraprofessional training for elementary and secondary education from Montana Technological University in Butte, Montana.  For twenty years she has been employed as a Culinary Professional at the Dining Services Department of Montana Technological University.  Ms. Newgard is an award-winning baker and has served as an Employee Union Steward.  Ms. Newgard's current address is 2017 Grand Avenue, Butte, Montana 59701.  She is

representative of those Plaintiffs who are NMLDs who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

58.    Plaintiff Marie Louise Nielsen is a beneficiary of the PJF. Ms. Nielsen was determined by Interior to be an NMLD eligible to share in the 1964 Award, and she received a per capita payment from the distribution of the 1964 Award. Ms. Nielsen now is an enrolled member of the Turtle Mountain Band. Ms. Nielsen has a General Education Development diploma from the State of North Dakota. She is retired but prior to her retirement, she was employed for many years as a Certified Nurses' Assistant at the U.S. Indian Health Service Quentin N. Burdick Memorial Hospital in Belcourt, North Dakota. She remains active in her local Catholic Church. Ms. Nielsen's current address is Rural Route #1, Box 79DG, 10194 33rd Avenue, N.E., Dunseith, ND, 58329. She is representative of those Plaintiffs who are NMLDs who shared or were eligible to share in the per capita payments distribution by Defendants of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

59.    Plaintiff James Melvin Weigand is a beneficiary of the PJF. Mr. Weigand was determined by Interior to be an NMLD eligible to share in the 1964 Award, and he received a per capita payment from the distribution of the 1964 Award. Mr. Weigand is an enrolled member of the Assiniboine Tribe of the Fort Belknap Indian Community in Montana. He has a diploma from Flandreau High School in Flandreau, South Dakota. He served in the U.S. Army and the National Guard for twenty-six years. He is retired but prior to his retirement, he worked as a diesel mechanic on the Fort Belknap Indian Reservation. Mr. Weigand's current address is Box 27, Route 8, 1260 Weigand Road, Dodson, MT, 59524. He is representative of those Plaintiffs who are NMLDs who shared or were eligible to share in the per capita payments distribution by

Defendant of the 1964 Award, or the heirs, descendants, or successors-in-interest of those individuals who are deceased.

60.     Plaintiff Georgi Ann Mitchell, also known as Georgi Ann Finely, is an heir to a deceased PJF beneficiary.  Ms. Mitchell is the surviving spouse of Walter Lee Allen, who is deceased.  Walter Lee Allen was determined by Interior to be an NMLD eligible to share in the 1964 Award, and he received a per capita payment from the distribution of the 1964 Award.  Ms. Mitchell is an enrolled member of the Confederated Salish and Kootenai Tribes of the Flathead Reservation in Montana.  She was raised in part on the Flathead Reservation.  Ms. Mitchell has an Associate in Applied Science degree from Green River Community College in Auburn, Washington.  She also is a Certified Nursing Assistant and a certified Occupational Therapist, and for many years she was employed in health services.  She also worked as a Transition Specialist for at risk adolescents at Two Eagle River School in Pablo, Montana, which is a Bureau of Indian Education-funded school operated under a grant by the Confederated Salish and Kootenai Tribes.  She currently works part-time at Safe Harbor, an emergency shelter and domestic violence service in Ronan, Montana, where she has received honors for her service.  She also continues to volunteer for multiple causes involving Native youth and elders such as suicide prevention, and she also volunteers with animal shelters.  Ms. Mitchell's current address is 715 4th Avenue, S.E., Ronan, MT, 59864.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendant of the 1964 Award.

61.     Plaintiff Tammie May Simmons, also known as Tammie May Brown, is an heir to a deceased PJF beneficiary.  Ms. Simmons is the daughter of Harold Frank Brown, who is deceased.  Harold Frank Brown was determined by Interior to be an NMLD eligible

to share in the 1964 Award, and he received a per capita payment from the distribution of the 1964 Award.  Ms. Simmons was born on the Fort Belknap Indian Reservation and she is an enrolled member of the Gros Ventre and Assiniboine Tribes of the Fort Belknap Indian Community.  She has a High School diploma from the State of Montana.  She currently is employed as an Office Manager at RRO, LLC, a freight and cargo transportation company in Gillette, Wyoming.  She also is a certified Notary Public by the State of Wyoming.  For the past twenty years, she has volunteered her time at a local hospice company.  Ms. Simmons' current address is P.O. Box 646, Malta, MT, 59538.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendant of the 1964 Award.

62.    Plaintiff Tina Marie Taylor, also knowns as Tina Marie Taylor Andreoff, Tina Marie Andreoff, and Tina Marie Eggersgluss, is an heir to a deceased PJF beneficiary.  Ms. Taylor is the surviving spouse of Bill Joe Andreoff, who is deceased.   Bill Joe Andreoff was determined by Interior to be an NMLD eligible to share in the 1964 Award, and he received a per capita payment from the distribution of the 1964 Award.  Ms. Taylor was born and raised in Minnesota.  She has a General Educational Development diploma from the State of Minnesota.  Ms. Taylor has been employed as a Cook, Bartender, and Waitress.  She has volunteered for her local Zion Lutheran Church.  She is devoted to her deceased husband's children and family, including his Pembina heritage and culture.  Ms. Taylor's current address is 12150 Highway 71, Menahga, MN, 56464.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendant of the 1964 Award.

63.    Plaintiff Jeremy John Lee Rindahl is an heir to a deceased PJF beneficiary.  Mr. Rindahl is the son of Maynard E. Rindahl, who is deceased.  Maynard E. Rindahl was determined by Interior to be an NMLD eligible to share in the 1964 Award, and he received a per capita payment from the distribution of the 1964 Award.   Mr. Rindahl was born and raised in the State of Minnesota.   He has an Associate in Electronics degree from NEI College of Technology (now Dunwoody College of Technology) in Minneapolis, Minnesota.  He has been employed with ADT Security Services, and presently is employed at the Shooting Star Casino, which is owned and operated by the White Earth Band, where he is a Slot Supervisor.  He also currently works as an Alarm Technician with Securitas, a security services company.  Mr. Rindahl's current address is 620 First Street, S.W., Mahnomen, MN, 56557.  He is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendant of the 1964 Award.

64.    Plaintiff Belinda May Harvill, also known as Belinda May Van Dusen, is an heir to a deceased PJF beneficiary.  Ms. Harvill is the surviving spouse of Edward E. Harvill, who is deceased.  Edward E. Harvill was determined by Interior to be an NMLD eligible to share in the 1964 Award, and he received a per capita payment from the distribution of the 1964 Award.  Ms. Harvill was born and raised in the State of Washington.  She has a diploma from the R.A. Long High School in Longview, Washington.  She is and has been employed in the fast food and grocery industries.  She currently works as a Counter Clerk at Safeway, a national supermarket company.  She has raised her children with attention to their American Indian heritage and culture.  Ms. Harvill's current address is 191 Tara Lane, Kalama, WA, 98625.  She is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who

shared in or were eligible to share in the per capita payments distribution by Defendant of the 1964 Award.

65.     Plaintiff Edward Timothy Ramsted is an heir to a deceased PJF beneficiary.  Mr. Ramsted is the surviving spouse of Denise Lynn Ramsted, who is deceased. Denise Lynn Ramsted was determined by Interior to be an NMLD eligible to share in the 1964 Award, and she received a per capita payment from the distribution of the 1964 Award.  Mr. Ramsted was born and raised in the State of Montana.  He has a diploma from Great Falls High School in Great Falls, Montana.  He is employed with CINTAS Corporation's First Aid & Safety business as a Sales Representative and Trainor.  Previously, he was employed as a Route Sales Representative for Schwan Food Company.  Mr. Ramsted's current address is 313 Riverview 7 W, Great Falls, MT, 59404.  He is representative of those Plaintiffs who are the heirs, descendants, or successors-in-interest of those members of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendant of the 1964 Award.

66.     Plaintiff Kathleen Butcher is an heir to a deceased PJF beneficiary. Ms. Butcher is the surviving spouse of Elwood Donald Butcher, who is deceased.  Elwood Donald Butcher was determined by Interior to be an NMLD eligible to share in the 1964 Award, and he received a per capita payment from the distribution of the 1964 Award.  Ms. Butcher was born in the State of Colorado and raised in the State of Oregon.  She has a High School diploma from the State of Oregon.  She has a Certificate from Roseburg Beauty College in Roseburg, Oregon, and she attended Valley City State University in Valley City, North Dakota.  Ms. Butcher is retired but before her retirement she was employed as a Disk Inspector for StorageTek in Louisville, Colorado, and a Senior Trainer for Thin Film Vacuum Deposition Systems.  Ms. Butcher's current address is 1014 First Street, N.E., #9, Elbow Lake, MN, 56531.  She is representative of those

Plaintiffs who are the heirs, descendants, or successors-in-interest of deceased NMLDs who shared in or were eligible to share in the per capita payments distribution by Defendant of the 1964 Award.

b.    Class Counsel for Plaintiffs will fairly and adequately represent the interests of the class in this action. Plaintiffs' counsel are qualified and experienced in the substantive and procedural law involved in the action. Plaintiffs' counsel are attorneys for NARF, a non-profit law firm that has led the development and practice of federal Indian law and policy for fifty years. The lead NARF attorney in this action is Melody McCoy, who is a member of the Cherokee Nation and who has over thirty-four years of experience litigating matters of federal Indian law in all levels of federal courts, including twenty-four years of experience in tribal trust cases. Since 1996 Ms. McCoy has served as the lead attorney for the Plaintiffs in the pending CFC Companion Case that pre-dates this action, and she remains the lead attorney in that case. Ms. McCoy served as the lead attorney in several tribal trust cases in this Court involving over fifty tribes, including *Nez Perce Tribe, et al. v. Jewell, et al.,* (D.D.C. filed Dec. 28, 2006) (No. 06-2239); and, *Sisseton Wahpeton Oyate, et al. v. Jewell, et al.,* (D.D.C. filed Apr. 30, 2013) (No. 13-601). Mr. Kim Jerome Gottschalk has over forty years of experience in litigating matters of federal Indian law in all levels of federal courts. Since 2011 he has served as co-counsel to Ms. McCoy in the CFC Companion Case. Mr. Gottschalk also served as co-counsel for the plaintiff class of individual Indians and tribes in the action in this Court styled *Covelo Indian Cmty. v. Watt,* 551 F. Supp. 366 (D.D.C. 1982). Finally, NARF attorneys served as counsel for the plaintiff class of individual Indians in the breach of trust case in this Court, *Cobell v. Norton,* 407 F. Supp. 2d 140 (D.D.C. 2005).

c.  The fiduciary accounting, investment, and management expertise and services of the consulting firm of Rocky Hill Advisors (RHA), Inc., have been retained by Plaintiffs for this

action.  RHA has been the principal expert consultant for over eighty tribes in tribal breach of trust

cases including the CFC Companion Case; *Nez Perce Tribe, et al. v. Jewell, et al.,* (D.D.C. filed

Dec. 28, 2006) (No. 06-2239); and, *Sisseton Wahpeton Oyate, et al. v. Jewell, et al.,* (D.D.C. filed

Apr. 30, 2013) (No. 13-601).  RHA also has served as a principal testifying expert witness for a

tribe's successful breach of trust trial, *Jicarilla Apache Nation v. United States*, 112 Fed. Cl. 274

(2013), and most recently has served as the principal testifying expert witness in the trial in *W.

Shoshone Identifiable Grp. by Yomba Shoshone Tribe v. United States*, 143 Fed. Cl. 545 (2019).

       d.    The class action settlement administration expertise and services of Anya

Verkhovskaya as the President and CEO of Class Experts Group, LLC., has been retained by the

Plaintiffs for this action.  Ms. Verkhovskaya has extensive experience administering some of the

largest and most complex class action settlements in history world-wide, with a focus on major

human rights cases such as the *Swiss Banks Holocaust Victim Assets Litigation*, ($1.25 billion

settlement involving 100,000 potential claimants in forty-eight countries), and the German Forced

Labour Compensation Programme (involving over 43,000 Romani survivors in seventeen

countries in central and Eastern Europe).

       139. <u>Predominance</u>.  The legal issues raised in this action are only common to each and

every class member, and will be proven by generalized identical evidence on a simultaneous, class-

wide basis, for each and every class member without the need for individualized evidence.

       140. <u>Superiority.</u>  A class action is superior to any other available method for the fair and

efficient adjudication of Plaintiffs' claims which involve questions of law and fact which are

common to each and every class member.  The class members have been prosecuting their claims

as part of a court-determined statutorily-defined Identifiable Group since 2006 in the CFC

Companion Case.  The class is manageable and it is desirable to continue to concentrate the

litigation of their claims in a single action in the interests of judicial economy. Most class members do not have the resources to prosecute their claims in separate actions. The prosecution of separate actions by individual class members would create a risk of multiple and inconsistent or varying adjudications with respect to individual class members which would as a practical matter be dispositive of the interests of other class members not parties to the adjudication or which would substantially impair or impede the ability of class members to protect their interests.

## COUNT ONE

141. Plaintiffs re-allege the allegations of ¶¶ 1- 140 above.

142. Defendants have a statutory duty to provide Plaintiffs with a complete and accurate accounting of any and all PJF funds that are or have been held in trust by Defendants.

143. Defendants have breached their trust responsibilities by failing to provide a complete and accurate accounting to PJF beneficiaries.

144. Plaintiffs are entitled to relief ordering that Defendants provide a complete and accurate accounting of any and all PJF funds that are or have been held in trust by Defendants from the inception of the PJF 1964 and 1980 Awards to the present.

## COUNT TWO

145. Plaintiffs re-allege the allegations of ¶¶ 1- 140 above.

146. Defendants have a statutory duty to invest and otherwise manage prudently the PJF unless and until PJF funds are distributed validly and properly to PJF beneficiaries.

147. Defendants have breached their trust responsibilities by failing to invest and otherwise manage prudently the PJF unless and until PJF funds were or are distributed validly and properly to PJF beneficiaries.

148. By reason of that breach, Plaintiffs are entitled to restitution, damages, and other appropriate equitable and legal relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for the following relief for themselves and all other class members:

1.    For an Order certifying this action as a class action under Fed. R. Civ. P. 23(b)(3), with a class consisting of:

a.    all Original Individual Beneficiaries, defined as: 1) the 21,268 individuals determined by the Interior Department, pursuant to the 1971 Distribution Act and its implementing regulations, to be eligible to share in the distribution by Interior of the 1964 Award, regardless of whether some or all of these individuals were also determined by Interior to be eligible to share in Interior's distribution of the 1980 Award; and, 2) the 33,584 individuals determined by the Interior Department, pursuant to the 1982 Distribution Act and its implementing regulations, to be eligible to share in the distribution by Interior of the 1980 Award, regardless of whether some or all of these individuals were also determined by Interior to be eligible to share in Interior's distribution of the 1964 Award;

b.    all Legal Representatives of Settlement Class Members, defined as persons or entities selected by Settlement Class Members, or appointed, retained or approved under applicable federal, state, or tribal law to represent the Settlement Class Member for purposes of this Class Action;

    c.  all First-Line Heirs, defined as, in the absence of applicable federal, state, or tribal law to the contrary, the living spouse, if any, of a deceased Original Individual Beneficiary, and if there is no living spouse, the oldest living child of the deceased Original Individual Beneficiary; and,

    d.  all Second-Line Heirs, defined as, in those instances in which there are no First-Line Heirs, a next closest living heir of a deceased Original Individual Beneficiary as determined in accordance with applicable federal, state, or tribal law;

2.    For an Order certifying the Named Plaintiffs in ¶s 23-88 above under Fed. R. Civ. P. 23(b) as representatives of the Class;

3.    For an Order certifying the Native American Rights Fund attorneys including but not limited to Melody L. McCoy and Kim Jerome Gottschalk as Class Counsel;

4.    For a declaration of Defendants' statutory trust accounting obligations to members of the class, and a declaration that Defendants have been and continue to be in breach of trust regarding their fiduciary accounting of the PJF;

5.    For a declaration of Defendants' statutory trust investment and other fiduciary management obligations to members of the class, and a declaration that Defendants have been and continue to be in breach of trust regarding their investment and other management of the PJF while the PJF funds were or are held in trust by Defendants;

6.    For an award of restitution, damages, and other equitable and legal relief arising out of Defendants' breach of their trust responsibilities in the accounting, investment, and management of the PJF while the PJF funds were or are held in trust by Defendants;

7.      For an award of Plaintiffs' costs of suit including, without limitation, attorneys' fees and other expenses and costs incurred, including expenses and costs associated with expert or consultant assistance, as well as appropriate incentive awards for the Named Plaintiffs; and,

8.      For such other, further, or different relief to which Plaintiffs may be entitled, or which may be just and equitable.

Dated this 21st day of December, 2020,

*/s/ Melody L. McCoy*
MELODY L. MCCOY, USDC Bar No. CO0043
KIM JEROME GOTTSCHALK
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel.: (720) 647-9691 (McCoy)
Tel.: (720) 647-9252 (Gottschalk)
Fax: (303) 443-7776
E-mail: mmccoy@narf.org

ATTORNEYS FOR PLAINTIFFS