IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE ANN WILKIE PELTIER, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> DAVID BERNHARDT, ) <br> Secretary of the Interior, et al., ) <br> ) <br>     Defendants. ) <br> _____) | No.: 1:20cv03775-TFH <br><br> Judge Thomas F. Hogan <br><br> Electronically filed |

## PARTIES' JOINT STATUS REPORT

The parties submit the following Joint Status Report ("JSR") to provide this Court with information about the relevant background of this litigation, including the settlement agreements that gave rise to the case, the parties' plans to resolve the issues and claims in the case pursuant to the settlement agreements, and the associated projected timeline, in advance of the joint status conference on January 13, 2021, that the Court has scheduled in the case. *See* Minute Order dated December 29, 2020. Undersigned counsel for the parties will be prepared to answer any questions that the Court may have or provide further information to the Court, as necessary or appropriate, at or after the January 13 status conference.

### I. RELEVANT BACKGROUND

Plaintiffs in this case presently consist of 66 individuals serving as the named representatives of approximately 40,000 individuals ("Individual Plaintiffs") who—along with four federally recognized Indian tribes (the Chippewa Cree Tribe of the Rocky Boy's Reservation (Montana), the Little Shell Tribe of Chippewa Indians (Montana), the Turtle Mountain Band of Chippewa Indians (North Dakota), and the White Earth Band of Chippewa Indians (Minnesota))—are the beneficiaries (or their heirs, descendants, and successors-in-interest) of the 1964 and 1980-

81 Pembina Judgment Fund ("PJF") Awards.  Corrected Complaint, ECF No. 4, at ¶¶ 4, 6, 14, 20, 23-88, 101, and 112.  Individual Plaintiffs claim that Defendants have failed to provide a "complete and accurate" historical trust accounting of the PJF, that Defendants have mismanaged the PJF, and that Plaintiffs have suffered financial injury as a result of Defendants' alleged mismanagement.  *Id.*, at ¶¶ 9, 10, 126, and 128-131.

Three of the *Chippewa Cree* tribal plaintiffs (the Chippewa Cree Tribe, the Little Shell Tribe, and the Turtle Mountain Band) brought the PJF-related trust accounting and mismanagement claims against the United States in the United States Court of Federal Claims ("CFC") in September, 1992.  *Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States*, No. 92cv00675-PCS (Fed. Cl.) ("*Chippewa Cree*").  In 2006, the CFC added the fourth *Chippewa Cree* tribal plaintiff (the White Earth Band), as well as Individual Plaintiffs, to that case.  *Chippewa Cree*, ECF Nos. 247, 264.  In 2007, the *Chippewa Cree* parties began exploring informally the possibility of settlement of the case.  By February 2009, the CFC had formally referred all of the claims in *Chippewa Cree* to its Alternative Dispute Resolution ("ADR") program and Senior Judge Eric G. Bruggink.  *Chippewa Cree*, ECF No. 359.

With the help of Judge Bruggink, the tribal and individual plaintiffs and the United States reached a complete settlement of all of the *Chippewa Cree* plaintiffs' claims (tribal and individual) (*see, e.g.*, ECF No. 518) and all of Individual Plaintiffs' claims in this case.  In other words, the settlement encompasses globally all of the claims that Individual Plaintiffs have brought or could have brought in this case and that the tribal and individual plaintiffs have brought or could have brought in *Chippewa Cree*, as well as in any other litigation, relating to (a) the United States' alleged failure to provide an accounting of the PJF, and (b) the United States' alleged mismanagement of the PJF.  Further, the settlement calls for the parties to undertake separate

processes for implementing their settlement as to the *Chippewa Cree* tribal plaintiffs and as to the *Chippewa Cree* individual plaintiffs and Individual Plaintiffs in this case.  The parties believe that such separate settlement implementation processes are in their best interests, given the almost 40,000 Individual Plaintiffs in this case and in *Chippewa Cree*, as well as the four tribal plaintiffs in *Chippewa Cree*, and the various issues associated with the different plaintiffs.  The complete settlement has been approved and authorized by not only all Plaintiffs (by tribal council resolutions executed by the four *Chippewa Cree* tribal plaintiffs and by affirmations executed by Individual Plaintiffs in this case and in *Chippewa Cree*) but also the United States.

Based on the parties' final settlement approvals and authorizations, the *Chippewa Cree* tribal plaintiffs and the United States executed their settlement agreement on November 30, 2020.  The Individual Plaintiffs in this case and in *Chippewa Cree* will execute a separate settlement agreement—*i.e.*, a Class Action Settlement Agreement—with Defendants in this case.

As part of the implementation of the parties' agreed-upon settlement process, Individual Plaintiffs filed this case on December 21, 2020.  Since then, Individual Plaintiffs have been finalizing their papers and preparing to move for certification of an opt-out settlement class under Rule 23 of the Federal Rules of Civil Procedure ("F.R.Civ.P.").  Defendants do not intend to oppose Individual Plaintiffs' settlement class certification motion.  Additionally, Individual Plaintiffs and Defendants are in the process of finalizing and executing the Class Action Settlement Agreement, which they will submit to this Court for review and preliminary approval under F.R.Civ.P. 23.  When seeking this Court's preliminary approval of the Class Action Settlement Agreement, Individual Plaintiffs will request that the Court appoint their undersigned counsel to serve as Class Counsel and a private class action settlement administration firm—Class Experts Group, LLC, in Mequon, Wisconsin—to serve as the administrator handling the distribution of the

parties' agreed-upon settlement amount ("Settlement Proceeds").  Defendants do not intend to oppose Individual Plaintiffs' preliminary approval motion.

If this Court grants Individual Plaintiffs' forthcoming requests by certifying an opt-out settlement class and granting preliminary approval of the Class Action Settlement Agreement, Individual Plaintiffs will provide notice to the opt-out settlement class; determine the settlement class member participation; gather objections, if any, to the Class Action Settlement Agreement; and request the requisite fairness hearing and this Court's final approval of the Class Action Settlement Agreement, under F.R.Civ.P. 23.  Individual Plaintiffs currently project that, barring any presently unanticipated events or developments, the entire process is likely to take about a year to complete.

As noted above, both of the PJF-related settlement agreements—involving (1) the Individual Plaintiffs in this case and in *Chippewa Cree* and Defendants and (2) the tribal plaintiffs and the United States in *Chippewa Cree*—will globally resolve and settle all of the claims in this case and in *Chippewa Cree*.  Further, the settlement agreements will become effective only when both of the agreements have been fully executed and the Class Action Settlement Agreement has received this Court's final approval under F.R.Civ.P. 23.

If this Court grants final approval of the Class Action Settlement Agreement, Defendants will make or cause to be made a single payment of the Settlement Proceeds, in full, complete, and final settlement of all claims in this case and in *Chippewa Cree*, to a private escrow account to be specified by Individual Plaintiffs in this case and the *Chippewa Cree* plaintiffs (tribal and individual).  After Defendants' payment of the Settlement Proceeds, Individual Plaintiffs in this case and the *Chippewa Cree* plaintiffs (tribal and individual) will be solely responsible for handling, allocating, and distributing the Settlement Proceeds to the settling Individual Plaintiffs

in this case and in *Chippewa Cree* and to the *Chippewa Cree* tribal plaintiffs.  Defendants will bear no role, duty, responsibility, or liability regarding the handling, allocation, or distribution of the Settlement Proceeds after transfer to Plaintiffs' private escrow account.

After Plaintiffs confirm receipt of the Settlement Proceeds in their private escrow account, Individual Plaintiffs and Defendants will jointly move for dismissal of this case with prejudice, subject to this Court's retention of jurisdiction for the limited purpose of supervising and resolving any disputes regarding the implementation of the Class Action Settlement Agreement.  Similarly, the *Chippewa Cree* plaintiffs (tribal and individual) and the United States will jointly request dismissal of that case with prejudice.

To facilitate the timely filing of this JSR, Defendants' undersigned counsel has prepared and revised the JSR, reviewed it before filing, and authorized Individual Plaintiffs' undersigned counsel to sign and file the JSR on Defendants' behalf.

Respectfully submitted on this 8th day of January, 2021,

PAUL E. SALAMANCA
Deputy Assistant Attorney General

*/s/ Anthony P. Hoang*
by */s/ Melody L. McCoy*
pursuant to written authorization
provided on January 8, 2021

*/s/ Melody L. McCoy*
MELODY L. MCCOY
CO Bar # 16960, U.S. Dist. Ct. (D.C.) CO043
KIM JEROME GOTTSCHALK, *pro hac vice*
NM Bar #3799
Native American Rights Fund
1506 Broadway
Boulder, CO  80302
Tel.: (720) 647-9691 McCoy
Tel.: (720) 647-9252 Gottschalk
Fax: (303) 443-7776
Email: mmccoy@narf.org
Email: jeronimo@narf.org

Attorneys for Plaintiffs

ANTHONY P. HOANG
FL Bar #0798193
United States Department of Justice
Environment and Natural Resources
Natural Resources Section
P.O. Box 7611
Washington, D.C.  20044-7611
Tel.: (202) 305-0241
Fax: (202) 305-0506
Email: anthony.hoang@usdoj.gov

Attorneys for Defendants

Of Counsel:

-6-

DONDRAE MAIDEN
GLADYS COJOCARI
VICTORIA CEJAS
JAMES MILLSAP
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

THOMAS KEARNS
Office of the Chief Counsel
Bureau of the Fiscal Service
United States Department of the Treasury
Washington, D.C. 20227

## **CERTIFICATE OF SERVICE**

Pursuant to LCvR 5.3, I hereby certify that, on January 8, 2021, I electronically transmitted the foregoing document to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the ECF registrants in this case.

                                                       */s/ Melody L. McCoy*
                                                       Melody L. McCoy