IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESLIE ANN WILKIE PELTIER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:20-cv-03775-TFH |
| | ) | |
| DEBRA HAALAND, | ) | |
| Secretary of the Interior, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING FINAL CERTIFICATION OF CLASS PURSUANT TO FED. R. CIV. P. 23(b)(3) FOR SETTLEMENT PURPOSES ONLY, AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT (ECF No. 14)**

This matter is before the Court on Plaintiffs' Unopposed Motion for an Order: (1) Granting Final Certification of a Plaintiff Class pursuant to Fed. R. Civ. P. 23(b)(3) for Settlement Purposes Only, and (2) Granting Final Approval to the Parties' Class Action Settlement Agreement. ECF No. 29. Upon consideration of the Unopposed Motion, Defendants' response thereto (ECF No. 32), and the statements made by various individuals at the Fairness Hearing that the Court conducted, pursuant to Fed. R. Civ. P. 23(e)(2), on June 10, 2021 (Minute Entry, June 10, 2021), and for good cause shown, it is hereby ORDERED that Plaintiffs' unopposed Motion should be and is hereby GRANTED. Further, it is ORDERED that:

1. This Court has jurisdiction over this action and the parties, including the Settlement Class, the Court has subject matter jurisdiction to approve the Class Action Settlement Agreement, ECF No. 14, also attached hereto as Exhibit 1, and the Court has jurisdiction to enter this Order.

2. For the purposes of this Order, the Court adopts and incorporates by reference the definitions set forth in the Class Action Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court

grants final certification of a Plaintiff class consisting of individuals defined as follows: (a) all Original Individual Beneficiaries of the Pembina Judgment Fund 1964 and 1980 Awards, defined as: (i) the 21,268 individuals determined by the United States Department of the Interior (Interior), pursuant to the 1971 Distribution Act for the 1964 Award and its implementing regulations, to be eligible to share in the distribution by Interior of the 1964 Award, regardless of whether some or all of these individuals were also determined by Interior to be eligible to share in Interior's distribution of the 1980 Award; and (ii) the 33,584 individuals determined by Interior, pursuant to the 1982 Distribution Act for the 1980 Award and its implementing regulations, to be eligible to share in the distribution by Interior of the 1980 Award, regardless of whether some or all of these individuals were also determined by Interior to be eligible to share in Interior's distribution of the 1964 Award; (b) all Legal Representatives of Settlement Class Members, defined as persons or entities selected by Settlement Class Members or appointed, retained, or approved under applicable federal, state, or tribal law to represent the Settlement Class Members for purposes of this Class Action; (c) all First-Line Heirs, a First-Line Heir being defined as, in the absence of applicable federal, state, or tribal law to the contrary, the living spouse, if any, of a deceased Original Individual Beneficiary, and if there is no living spouse, the oldest living child of the deceased Original Individual Beneficiary; and (d) all Second-Line Heirs, a Second-Line Heir being defined as, in those instances in which there is no First-Line Heir, the next closest living heir of a deceased Original Individual Beneficiary as determined in accordance with applicable federal, state, or tribal law.  This certified Settlement Class meets all applicable requirements of Fed. R. C.P. 23(a) and (b)(3), including numerosity, commonality, typicality, adequate representation, predominance, and superiority.

   4.  Pursuant to Fed. R. Civ. P. 23(e), the Court appoints the following 65 individuals

as Class Representatives for the final certified Settlement Class: Leslie Ann Wilkie Peltier; Chrystel Aurora Cornelius; Delvin Cree; Carol Ann Davis; Andrea Laverdure; Roberta Morin Lord; Coreena Joy Patnaude; Barbara Ann Marie Poitra; Larry Joseph Morsette, Jr.; William Dallas Wade Sun Child; John Wayne Gilbert; Carol Sue Doney Hofeldt; Leona Kienenberger; Larry James Salois; Dawn Louise Roath; Eunice Mae Bellanger; Wilfred Vernon Dentz; Dorothy Marilyn Gay; Frank Stephen Lhotka; Bernadette Anne Spahr; Regina Ruth Howard; Charlene Big Knife; Twila Marie Jerome; Toby Lee Lamere; Dale Roger Pesch; Gladys J. Torkelson; Deanna M. Trottier Wirtzberger; Gail Eagleman; Gaile Lynn Torres; Chane Weymer Salois; Maryjo Elizabeth Rust; Lavonne Marie Brown; Shane Michael Brien; Tacey Lynn Foster; Richard Edward Lawson; Peggy Ann Pena; Daniel Boyd Williams; Mikealinda Marae Grant; Annette Marie Charette; Robert S. DeCoteau; Lola Greatwalker; Andrew L. Laverdure; Tammy Jean Wilkie Poitra; Lee William Wilkie; Kenneth Zane Blatt St. Marks; Josephine Oats Corcoran; Yvonne Marie Hill; Kathleen Ann Franklin; Deborah Lea Ronneng; Amelia Evette LaFriniere Roy; Joyce Elaine Demarre Stewart; Aaron Vasecka; Andrew Leslie Vasecka; Devi Cole; Peter Frederick Doney; Debra Josephine Newgard; Marie Louise Nielsen; James Melvin Weigand; Georgi Ann Mitchell; Tammie Mae Simmons; Tina Marie Taylor; Jeremy John Lee Rindahl; Belinda May Harvill; Edward Timothy Ramsted; and Kathleen Butcher.

5. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints as Class Counsel for the final certified Settlement Class the Native American Rights Fund (NARF), including but not limited to NARF Staff Attorney Melody McCoy, as the lead attorney for the final Settlement Class, and NARF Staff Attorney Kim Jerome Gottschalk, as an attorney for the final Settlement Class.

6. Pursuant to Fed. R. Civ. P. 23(e), the Court grants Final Approval of the Class Action Settlement Agreement that is attached hereto as Exhibit 1, as modified by Paragraph 15

below only with respect to the final allocation of Settlement Proceeds. The terms of the Settlement Agreement are fair, reasonable, and adequate from the perspective of absent Settlement Class Members, and the Settlement Agreement otherwise meets all applicable requirements of Fed. R. Civ. P. 23(e), and all factors used in the D.C. Circuit for determining final approval of class action settlement agreements.

7.      Adequate Notice of the Class Action Settlement Agreement has been provided to the Settlement Class. The Notice given complied with the terms of the Settlement Agreement and of this Court's Order of February 16, 2021 (ECF No. 21) granting Preliminary Approval of the Settlement Agreement and approving the Notices and Notice program.  Further the Notice met the requirements of Fed. Rs. Civ. P. 23(c) and 23(e), and Due Process.  The contents of the Notice about the nature of the action, the class definition, the class claims, the right of class members to enter an appearance through an attorney if so desired, exclusion / opt-out from the class rights, deadlines, and procedures, and the binding effect of a class judgment on class members, were clearly and concisely stated in plain, easily understood language. The Notice was the best notice practicable under the circumstances including individual notice to all class members who could be identified through reasonable efforts, and it was reasonably calculated to reach the class members.

8.      The Objection deadline has passed, and all Settlement Class Members who raised timely Objections to the Settlement Agreement have been given an opportunity to be heard at the Fairness Hearing. After full consideration, all Objections, whether written or oral, are hereby overruled.

9.      Notwithstanding any motions for leave to be excluded from (opted out of) the Settlement Class in an untimely manner and any rulings thereon, the Class Action Settlement Agreement shall be implemented in accordance with its terms and the terms of this Order.

10. Pursuant to the Class Action Settlement Agreement and as soon after this Final Approval Order as reasonably possible, Defendants shall make or cause to be made a single payment of the Settlement Proceeds, defined in the Settlement Agreement as the amount of Fifty-Nine Million Dollars ($59,000,000.00), less any applicable Treasury Offset or Levy—by a single deposit (through electronic fund transfer) into a private non-trust Escrow Account (established and controlled exclusively by the Settlement Class Members and the Tribal Plaintiffs in *Chippewa Cree Tribe of the Rocky Boy's Reservation, et al. v. United States*, No. 92-675L (Fed. Cl.) ("CFC Companion Case")) for transfer by the Settlement Class Members and the Tribal Plaintiffs in the CFC Companion Case to the private non-trust Qualified Settlement Fund for Settlement Distribution (also established and controlled exclusively by the Settlement Class Members and the Tribal Plaintiffs in the CFC Companion Case). *See* Settlement Agreement, ECF No. 14, at Sections II.A.67 and II.K. The Settlement Class Members shall provide to Defendants—in particular, the Treasury Department ("Treasury")—as soon as reasonably possible the information about the Settlement Class Members and about the private Escrow Account that Treasury requires, in order to process, review, and make the payment transfer of the Settlement Proceeds. *See* Settlement Agreement, ECF No. 14, at Sections II.A.28 and II.A.67.

11. On or before the fifth day after Defendants' payment of the Settlement Proceeds into the Escrow Account, Class Counsel shall direct the Settlement Administrator to transfer the Settlement Proceeds from the Escrow Account into the Qualified Settlement Fund. *See* Settlement Agreement, ECF No. 14, at Section II.M.1.

12. The final allocation of Settlement Proceeds shall be as follows:

Allocation to Settlement Class Members. The total amount allocated from the Settlement Proceeds to Settlement Class Members is $42,186,265.00. The specific components of this allocation are as follows:

a. The total amount allocated for the 21,268 Settlement Class Members who shared in the 1964 Award is One Million Sixty-Three Thousand Four Hundred Dollars ($1,063,400.00);

b. The total amount allocated for the 29,296 Settlement Class Members who shared in the 1980 Award as members of a Tribal Beneficiary is Thirty-Five Million One Hundred and Fifty-Five Thousand Two Hundred Dollars ($35,155,200.00); and

c. The total amount allocated for the 4,288 Settlement Class Members who shared in the 1980 Award as members of the NMLD group is Six Million Four Hundred and Thirty-Two Thousand Dollars ($6,432,000.00).

Allocations to the Tribal Plaintiffs. The total amount allocated from the Settlement Proceeds to the Tribal Plaintiffs in the CFC Companion Case is Eight Million Seven Hundred Eighty-Six Thousand Nine Hundred and Twenty Dollars ($8,786,920.00). The specific components of this allocation are as follows:

a. The total amount allocated to the Chippewa Cree Tribe is One Million Twenty-Seven Thousand Nine Hundred and Thirty-Nine Dollars ($1,027,939.00);

b. The total amount allocated to the Turtle Mountain Band is Six Million Eight Hundred Fifty-Three Thousand Three Hundred and Fifty Dollars ($6,853,350.00);

c. The total amount allocated to the Little Shell Tribe is Five Hundred Sixty-Three Thousand Nine Hundred and Eighty-Six Dollars ($563,986.00); and

d. The total amount allocated to the White Earth Band is Three Hundred Forty-One Thousand Six Hundred and Forty-Six Dollars ($341,646.00).

Class Representative Service Awards. The total amount allocated from the Settlement Proceeds for Class Representative Service Awards is $170,000.00. As of the date of this Order, there are or have been a total of 85 Class Representatives or Named Representatives in the CFC Companion Case, and each living Class Representative, or an Eligible Heir of a Deceased Class Representative, shall receive Two Thousand Dollars ($2,000.00).

Class Counsel Fees, Expenses, and Costs. The total amount allocated from the Settlement Proceeds for Class Counsel Fees, Expenses, and Costs is Five Million Four Hundred Thousand Dollars ($5,400,000.00).

Settlement Administrator Fees, Expenses, and Costs. The total amount allocated from the Settlement Proceeds for the Settlement Administrator's Fees, Expenses, and Costs for performance of the Settlement Administrator's obligations under this Class Action Settlement Agreement is Two Million Dollars ($2,000,000.00). This takes into account that per the Settlement Agreement, from the total $3 million amount allocated for Settlement Administration, NARF already has paid or likely will pay the Settlement Administrator during the Preliminary Approval stage $971,520.33 under contract. *See* Settlement Agreement, ECF No. 14, at Sections II.L.5 and II.M.6.c.

13. On or before the fifth day after the Settlement Administrator's transfer of the Settlement Proceeds to the Qualified Settlement Fund, the Settlement Administrator shall begin transmitting Settlement Distribution payments to the Settlement Class Members who are living Original Individual Beneficiaries and whose addresses have been confirmed during the Notice process. *See* Settlement Agreement, ECF No. 14, at Section II.M.2.a.

14.     On or before the fifth day after the Settlement Administrator's transfer of the Settlement Proceeds to the Qualified Settlement Fund, the Settlement Administrator shall make the Settlement Distribution payments in accordance with this Order to the Tribal Plaintiffs in the CFC Companion Case; to the Class Representatives for their Class Representatives Service Awards; and to Class Counsel for Class Counsel Fees, Expenses, and Costs. *See* Settlement Agreement, ECF No. 14, at Sections II.M.2.b and II.M.5.

15.     In accordance with the terms of the Class Action Settlement Agreement, the Settlement Administrator is hereby ordered to begin the processing of Claim Forms postmarked timely by September 8, 2021, and properly submitted to:

> **Pembina Settlement Administrator**
> c/o Class Experts Group, LLC
> P.O. Box 995
> Mequon, WI 53092

*See* Settlement Agreement, ECF No. 14, at Section II.M.2.c.

16.     On or before the 30th day and concluding no later than 240 days after the Settlement Administrator's transfer of the Settlement Proceeds to the Qualified Settlement Fund, and in accordance with this Class Action Settlement Agreement, the Settlement Administrator shall begin transmitting Settlement Distribution payments to Legal Representatives of Settlement Class Members and Eligible Heirs. *See* Settlement Agreement, ECF No. 14, at Section II.M.2.d.

17.     On or before the 30th day after the Claims Filing Deadline, the Settlement Administrator shall submit to the Parties' counsel and this Court a report about the final administrative determination of claims by Legal Representatives of Settlement Class Members and Eligible Heirs. The Settlement Administrator's report shall include any recommendations regarding the possible disposition of the unresolved claims of Legal Representatives of Settlement Class Members and Eligible Heirs. *See* Settlement Agreement, ECF No. 14, at Section II.M.2.e.

On or before the 15th day after the submission of the Settlement Administrator's report regarding the final administrative determination of claims by Legal Representatives of Settlement Class Members and Eligible Heirs, Class Counsel shall move this Court to make a final determination of any unresolved claims of Legal Representatives of Settlement Class Members and Eligible Heirs.  *Id.*  Upon this Court's final determination of any unresolved claims of Legal Representatives of Settlement Class Members and Eligible Heirs, the Settlement Administrator shall make the distributions in accordance with the Court's final determinations.  *Id.*

18. Reissuances of Settlement Distribution payments, if any, shall be made in accordance with the terms of the Settlement Agreement.  *See* Settlement Agreement, ECF No. 14, at Section II.M.3.

19. On or before the 360th day after the Claims Filing Deadline and in accordance with this Class Action Settlement Agreement, unless Class Counsel assigns other duties to the Settlement Administrator that relate but are additional to those set forth in this Class Action Settlement Agreement, the Settlement Administrator shall distribute the Undistributed Settlement Proceeds to the Tribal Plaintiffs in the CFC Companion Case.  *See* Settlement Agreement, ECF No. 14, at Section II.M.4.

20. The Settlement Administrator's Cost Accounting, Reporting, and Payment shall be conducted in accordance with the terms of the Settlement Agreement.  *See* Settlement Agreement, ECF No. 14, at Section II.M.6.

21. As soon as practicable after Final Approval but not later than one year after Final Approval, Defendants shall identify all PJF-related funds from the 1964 Award Distribution and the 1980 Award Distributions that are "unclaimed" within the meaning of 25 U.S.C . § 164 (75 Stat. 584). *See* Settlement Agreement, ECF No. 14, at Section II.O.  Pursuant to 25 U.S.C. § 164,

Defendants shall promptly remit to eligible PJF Tribal Beneficiaries in the CFC Companion Case any unclaimed PJF-related funds that are so identified and that are eligible for such remittance. *Id*. Any unclaimed PJF funds that are not eligible for distribution to PJF Tribal Beneficiaries in the CFC Companion Case shall be deposited in or transferred to the general fund of the United States Treasury, pursuant to 25 U.S.C. § 164. *Id*. These provisions regarding unclaimed PJF-related funds and their remittance do not apply to the Settlement Proceeds in this Class Action. *Id*. After the remittance of all unclaimed funds to eligible PJF Tribal Beneficiaries under 25 U.S.C. § 164 or to the general fund of the United States Treasury, Defendants shall no longer hold any PJF funds in trust, except for the tribal shares of the 1980 Award that are congressionally mandated to remain in trust in perpetuity or provisionally under the 1982 Distribution Act. *Id*.

22.  On or before the 10th day after Defendants' payment of the Settlement Proceeds, the Parties shall jointly move to dismiss with prejudice this Class Action and the CFC Companion Case. *See* Settlement Agreement, ECF No. 14, at Section II.P. After the dismissal with prejudice of this Class Action and without impact on the Final Approval, this Court shall retain continuing jurisdiction only for the limited purposes of supervising the implementation, administration, enforcement, construction, and interpretation of any and all terms and conditions of this Class Action Settlement Agreement and the Final Approval; and resolving any disputes or disagreements that may arise between or among the Parties from the implementation of this Class Action Settlement Agreement. *Id*.

23.  The Class Action Settlement Agreement and the Final Judgment entered pursuant to this Order are binding on all parties, including Settlement Class Members.

24.  The Settlement Class Members shall be deemed to have waived, released, and forever discharged and covenanted not to sue the United States, Defendants, any department,

agency, bureau, office, or establishment of Defendants, and any officers, employees, or successors of Defendants, in any administrative or judicial forum on any and all claims, causes of action, obligations, and/or liabilities of any kind or nature whatsoever, known or unknown, regardless of legal theory, for any damages or any equitable or specific relief, that are based on harms or violations occurring before Final Approval and that relate to Defendants' management or accounting of the PJF. The claims waived, released, discharged, and covenanted under this Class Action Settlement Agreement and the Tribal Plaintiffs' Settlement Agreement include, but are not limited to, those set forth in the Settlement Agreement. *See* Settlement Agreement, ECF No. 14, at Sections II.N.1 and II.N.2.

25. All other duties, dates, and deadlines that are set forth in the Class Action Settlement Agreement are approved.

26. The Clerk of this Court shall enter a Final Judgment in accordance with the terms of the Settlement Agreement and this Order.

SO ORDERED.

Date: June 23, 2021

_____
THOMAS F. HOGAN
United States District Judge